J-S08042-21

2021 PA Super 62

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
           :    PENNSYLVANIA
           :
     v.      :
           :
           :
CARL JOHN CRAWFORD    :
           :
    Appellant   : No. 986 MDA 2020

Appeal from the Judgment of Sentence Entered June 29, 2020
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0001644-2018

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:      **FILED APRIL 09, 2021**

Appellant Carl John Crawford, who is 82 years old, appeals from the Judgment of Sentence of eighteen (18) months to seven (7) years in prison entered in the Court of Common Pleas of Northumberland County on June 29, 2020, following a bench trial. We affirm.

The trial court set forth the relevant facts and procedural history herein as follows:

> On April 4, 2017, [Appellant] plead guilty to Indecent Assault. As a result of his conviction [Appellant] is a Tier III sexual offender required to register under Megan's Law for life. (Commonwealth Ex. 2). On November 08, 2018, while [Appellant] was under Northumberland County Adult Probation & Parole supervision a home check was conducted. [ ]. [Appellant's] cellular device was searched during the home check. Id. The search of [Appellant's] cellular phone resulted in the discovery of the following internet applications: YouTube, Twitter, and Instagram. Id. The probation officer conducting the home check

---

[*] Former Justice specially assigned to the Superior Court.

verified that none of the accounts were registered with Pennsylvania Sexual Offender Reporting Tool, as required with the Pennsylvania Sexual Offender Reporting Tool and Pennsylvania State Police registration requirements[.](Commonwealth Ex. 1).

[Appellant] was taken into custody and charged with violating 18 Pa.C.S. § 4915.1: Failure to Comply with Registration Requirements. (Commonwealth Ex. 2)[.]

On December 23, 2019, [Appellant] was found guilty after a bench trial on one count of knowingly failing to provide accurate information when registering under 42 Pa.C.S. §§ 9799.15, 9799.19, or 9799.25 in direct violation of 18 Pa.C.S. § 4915.1(a)(3).

On June 29, 2020, [Appellant] was sentenced [to] eighteen (18) months to seven (7) years['] imprisonment. [Appellant] subsequently filed post-sentencing motions challenging the weight and sufficiency of the evidence, as well as the sentence imposed. On July 8, 2020, [Appellant's] motion was denied, and this appeal subsequently followed.

Northumberland County Adult Probation and Parole Officer, Derek Fisher, testified at the trial. Officer Fisher testified that he was the parole officer responsible for reviewing [Appellant's] Megan's Law conditions with him. (N.T. Trial transcript page 6, lines 8-15) (Trial Tr. ¶ 6 at 8-15). Officer Fisher testified he filled out [Appellant's] registration packet with [Appellant] and reviewed all conditions with him (Commonwealth's Exhibit #1.). At the time of his initial registration [Appellant] did not report any social media accounts (N.T. Trial transcript, page 7, Lines 22-25) (Trial Tr. 117 at 22-25).

The Commonwealth next called Northumberland County Adult Probation and Parole Officer, Trent Sellers. Officer Sellers supervised [Appellant] and conducted a home visit on November 8, 2018. (N.T. Trial transcript page 15, lines 13-18) (Trial Tr. 15 at 13-18). Officer Seller's [sic] conducted a random check of [Appellant's] electronics. Upon checking his cell phone he found a Twitter icon and an Instagram icon (N.T. trial transcript page, 18 17, lines 21-25, 1-12) (Trial Tr. ¶¶ 17, 18 at 21-25 and 1-12). Upon further investigation both accounts were active and had been used while [Appellant] was on supervision (Trial Tr. ¶¶ 17, 18 at 21-25 and 1-12). (See also Commonwealth Ex. 3)[.]

It is uncontested that [Appellant] is a Tier III sexual offender required to register under Megan's Law for a lifetime. 42 Pa.C.S. § 9799.13. Furthermore, it is also uncontested that as part of [Appellant's] Megan's Law registration requirements, he must register any and all social media accounts with PASORT or must

register new accounts created within three business days. 42 Pa.C.S §§ 9799.15, 9799.19, or 9799.25.

Trial Court Opinion, filed 8/19/20, at 1-3 (unnumbered).

Appellant raised two issues in his concise statement of matters complained of on appeal filed pursuant to Pa.R.A.P. 1925(b); however, he indicates in his appellate brief he will not pursue challenges to the weight and sufficiency of the evidence which together comprised his first issue therein. *See* Brief for Appellant at 6 n. 1 (referencing Defendant's Statement of Issues Complained of on Appeal Pursuant to Pa.R.A.P. 1925 at ¶ 1). The trial court filed its Rule 1925(a) Opinion on August 19, 2020.

In his brief, Appellant presents the following question for our review:

> Whether the trial court imposition of a state prison sentence upon an elderly individual without consideration of his age, health, and the risks of COVID-19 infection was manifestly unreasonable?

Brief for Appellant at 5.

Appellant's claim raises a challenge to the discretionary aspects of his sentence. The right to appeal the discretionary aspects of one's sentence is not absolute, and the jurisdiction of this Court must be properly invoked. To raise a substantial question, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be

evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220-21 (Pa.Super. 2011) (some internal citations, quotations marks, and footnotes omitted).

Herein, Appellant filed a post-sentence motion for reconsideration of his sentence, followed by a timely notice of appeal to this Court. He also has included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence, pursuant to Rule 2119(f). ***See*** Appellant's Brief at 5. Accordingly, we now must consider whether Appellant has raised a substantial question that his sentence is not appropriate under the Sentencing Code.

This Court determines whether an appellant has raised a substantial question on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa.Super. 2007). "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa.Super. 2018) (brackets omitted).

In his Rule 2119(f) statement, Appellant states:

In this case, the [c]ourt failed to take into account [Appellant's] age (82) and the impact of the global COVID-19 pandemic when it imposed a state sentence upon him. The trial court failed to fashion an individualized sentence as is required by the Sentencing Code. This matter should be remanded for resentencing.

- 4 -

Brief for Appellant at 5. In support of this claim, asserts that:

> The trial court [sentenced Appellant to] 1½ -7 years['] total confinement. This sentence was within the standard range of the Sentencing Guidelines. In the ordinary "run of the mine" case in normal times, this sentence would be reasonable and the end of the discussion. However, this case is distinct because of [Appellant's] advanced age and the COVID pandemic. The combination of these factors places [Appellant] at high risk of COVID infection and, given his age, death, if he is remanded to a state correctional facility. [Appellant's] appeal is based on the failure of the sentencing court to consider these factors. It is possible that, after carefully considering these factors, the trial court would impose the same sentence. However, it is hoped that a resentencing court would balance the high risk of COVID infection to an 82 year old man and impose a sentence of home confinement.

Brief for Appellant at 9-10.

In determining whether Appellant's assertions herein constitute a substantial question, we observe that his Rule 2119(f) statement fails to explain what portion of the Sentencing Code, if any, with which his sentence was inconsistent or how it ran contrary to fundamental sentencing norms. To the contrary, Appellant admits his sentence is within the standard range and that the trial court may choose to impose the same prison term were this court to remand the matter for resentencing. *Id*. at 9.

In addition, this Court repeatedly has held that "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Eline*, 940 A.2d 421, 435 (Pa.Super. 2007) *see also Commonwealth v. Cannon*, 954 A.2d 1222, 1228–29 (Pa.Super. 2008) (claim that trial court failed to consider the defendant's rehabilitative

needs, age, and educational background did not present a substantial question. In *Eline*, this Court concluded an appellant's argument that "the trial court failed to give adequate consideration to [his] poor health and advanced age" in fashioning his sentence does not raise a substantial question. *Id*. In so finding, we explained "[t]his court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Id*. (citation omitted).

Furthermore, Appellant devotes a significant portion of his appellate brief to a discussion of the positive cases of COVID reported in the Commonwealth's prisons in general and at SCI-Laurel Highlands, the state's prison for elderly and infirm inmates, in particular. Brief of Appellant at 9. Appellant suggests these statistics show he is especially vulnerable to sickness or death in a county or state prison. *Id*. at 11. Any issue relating to safety conditions of the prison, including such matters related to the pandemic, are not proper in a direct appeal, but instead would be properly addressed to the Department of Corrections.[1]

_____

[1] Section 6601 of the Prison Litigation Reform Act (PLRA) defines prison conditions litigation as "civil proceedings arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison." 42 Pa.C.S.A. § 6601.

Consequently, Appellant's argument in his Rule 2119(f) Statement fails to raise a substantial question, and, therefore, he has not preserved his challenge to the discretionary aspects of sentencing. ***See Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa.Super. 2018).

Judgment of Sentence Affirmed.[2]

_____

[2] Even if Appellant had raised a substantial question for this Court's consideration, we would find no abuse of discretion. As Appellant admits, his sentence is within the standard range of the Sentencing Guidelines. Also, contrary to Appellant's representation that the trial court failed to consider his age and the COVID pandemic when fashioning his sentence, the court found Appellant's arguments at the sentencing hearing pertaining to his age and the COVID-19 pandemic to be "less than compelling" and explained "[t]his is especially true in light of the nature and seriousness of the offense and the fact that [Appellant] does not seem amenable to supervision." Trial Court Opinion, filed 8/19/10, at 6 (unnumbered). In addition, the sentencing court had the benefit of conducting the bench trial in this case and heard defense counsel's arguments pertaining to COVID and Appellant's advanced age. Appellant also exercised his right to allocution. N.T. 6/29/20, at 2.

As stated previously, Appellant admits that his sentence is proper and may be imposed again following remand. He essentially asks this Court to re-weigh the sentencing factors presented to the sentencing court; this we cannot do. ***See Commonwealth v. Griffin***, 804 A.2d 1, 9 (Pa. Super. 2002) (citing ***Commonwealth v. Williams***, 562 A.2d 1385, 1388 (Pa. Super. 1989) (en banc) (allegation sentencing court failed to consider or did not adequately consider various factors is request that this Court substitute its judgment for that of lower court in fashioning appellant's sentence, which does not raise substantial question)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/09/2021</u>