J-A20044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KAYLA ASHLEY INGE :
:
Appellant : No. 307 WDA 2021

Appeal from the Judgment of Sentence Entered January 22, 2021
In the Court of Common Pleas of Beaver County Criminal Division at No(s):
CP-04-CR-0000566-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: NOVEMBER 1, 2021**

Kayla Ashley Inge (Appellant) appeals from the judgment of sentence imposed in the Beaver County Court of Common Pleas, following her guilty plea to one count of criminal trespass.[1] On appeal, she challenges the discretionary aspects of her sentence. For the reasons below, we affirm.

The trial court summarized the underlying facts of the case as follows:

[O]n April 5, 2020[,] City of Aliquippa Police Department [Sergeant] Giovanni Trello, along with other Officers were dispatched to 107 Main Avenue, Aliquippa (West Aliquippa) for a report of a burglary in progress. Upon arrival, Officers made contact with the home owner, Mark Ellison ("Victim"). [ ]Victim stated that he heard someone enter the rear . . . door of his residence leading to the basement. [ ]Victim heard a female voice in the basement and locked the door which provided access to the home. Officers entered the home and heard an object rubbing against the basement door. Officers opened the door and encountered [ ] Appellant. [V]ictim advised the officers that he

_____

[1] 18 Pa.C.S. § 3503(a)(1)(ii).

> did not know [ ] Appellant and that she did not have permission to be in that residence.

Trial Ct. Op. 4/27/21, at 2.

Appellant was charged with one count each of burglary and criminal trespass, and two counts of possession of drug paraphernalia.[2] On September 11, 2020, Appellant pled guilty to criminal trespass, a second-degree felony. Initially, the trial court scheduled Appellant's sentencing for November 4, 2020, but Appellant failed to appear. The trial court issued a bench warrant that same day, and Appellant was subsequently apprehended on December 29, 2020. On January 22, 2021, the trial court sentenced Appellant to a term of 14 to 42 months' incarceration.

On January 27, 2021, Appellant filed a timely post-sentence motion for reconsideration of her sentence, requesting the trial court modify her sentence to allow her to serve her term in the Beaver County Jail. Appellant's Post-Sentence Motion/Motion to Reconsider Sentence, 1/27/21, at 1 (unpaginated). In support of her motion, Appellant cited several mitigating factors including: her drug addiction and mental health issues, the fact that she was pregnant with her fourth child, and the victim's acknowledgment that the incident was "over rather quickly," without significant damage. *Id.* at 1-2. The trial court denied her motion on January 28th. Appellant filed this timely notice of appeal and complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

---

[2] 18 Pa.C.S. § 3502(a)(1); 35 P.S. § 780-113(a)(32).

Appellant raises two, related issues on appeal:

1. Whether there is [a] substantial question that the sentence imposed is not appropriate under the sentencing code?

2. Whether the sentencing court abused its discretion in denying . . . Appellant's post sentence motion?

Appellant's Brief at 5. Because both claims raise the same issue — that the trial court abused its discretion in imposing her sentence — we address them as one.

Appellant's claim challenges the discretionary aspects of her sentence. It is well established that such a challenge does not entitle an appellant to "review as of right." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*). Rather,

[b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of [her] sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or

(2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

In the present case, Appellant filed both a timely notice of appeal and a timely post-sentence motion. In addition, her brief includes the requisite concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 10. Thus, we must determine whether she has raised a substantial question justifying our review. "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Crawford*, 257 A.3d 75, 78–79 (Pa. Super. 2021) (citation omitted).

In her Rule 2119(f) statement, Appellant contends the trial court focused solely on her rehabilitative needs absent proper consideration of the other sentencing factors set forth at 42 Pa.C.S. § 9721(b), and considered an impermissible factor in fashioning her sentence, namely, her failure to appear at a prior sentencing hearing. *See* Appellant's Brief at 10. Upon our review, however, we conclude Appellant did not properly preserve these claims either at the sentencing hearing or in her post-sentence motion.

This Court has stated:

> [I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted). When an appellant fails to preserve "arguments in support of [her] discretionary aspects of sentencing claim at sentencing or in [her] post[-]sentence motion, they are not subject to [this Court's] review." *Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super 2015) (citation omitted). Thus, Appellant's assertions that the trial court focused solely on her rehabilitative needs and improperly considered her failure to appear at a prior hearing are waived for our review.

Nevertheless, Appellant presents another sentencing claim in her brief, arguing the trial court abused its discretion when it failed to consider the "plethora of mitigation evidence" presented at her sentencing hearing. These include: the fact that she has three young children, one of whom she has "temporary custody;" she is currently pregnant; all of her criminal activity is "related to drug or alcohol addiction;" she previously received treatment and counseling for her addiction; she was attempting to attend treatment before relapsing; she completed an inpatient program in February 2020; she has a history of mental health issues; Victim stated any damage required "only a quick fix" and "the incident was over rather quickly;" and Victim "merely sought" no contact from her. Appellant's Brief at 16-17. Appellant contends given the above mitigating factors, the trial court's sentence, which was on

the high end of the standard range,[3] was an abuse of discretion. *Id.* at 16-17.

Preliminarily, we note Appellant did not include this claim in her Pa.R.A.P. 2119(f) statement. *See* Appellant's Brief at 10. Nevertheless, even if she had done so, "this Court repeatedly has held that 'a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.'" *Crawford*, 257 A.3d at 79 (citations omitted).

In any event, we would conclude Appellant is entitled to no relief. Appellant's sentence fell within the standard range of the sentencing guidelines, and is, therefore, presumptively reasonable. *See* 42 Pa.C.S. § 9781(c)(3) (appellate court must vacate sentence imposed within the sentencing guidelines only if it "involves circumstances where the application of the guidelines would be clearly unreasonable"). Moreover, the trial court had the benefit of a pre-sentence investigation report when fashioning Appellant's sentence. *See* N.T. Sentencing at 5-6, 18-19. Because the trial court considered the presentence investigation report, "we are required to presume that [it] properly weighed the mitigating factors present in the case."

---

[3] Neither party disputed that Appellant had a prior record score of 3 and an offense gravity score of 4. Therefore, the guidelines called for a standard range sentence of 3 to 14 months' incarceration. *See* N.T. Sentencing, 1/22/21, at 6, 11, 14; 204 Pa. Code § 303.16(a). The trial court sentenced Appellant to 14 to 42 months' incarceration, a sentence at the top of the standard range.

*__See Commonwealth v. Fowler__*, 893 A.2d 758, 766 (Pa. Super. 2006). No

relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/01/2021</u>