J-S02039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARK CAPRIOTTI | : | |
| Appellant | : | No. 929 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 30, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000872-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARK CAPRIOTTI | : | |
| Appellant | : | No. 930 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 30, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002503-2020

BEFORE:  OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MARCH 18, 2022**

In these consolidated appeals,[1] Mark Capriotti (Appellant) appeals from the judgments of sentence[2] imposed in the Bucks County Court of Common Pleas, following his open guilty plea on two separate dockets. At docket CP-09-CR-0000872-2020, Appellant pled guilty to one count each of stalking, terroristic threats, harassment, and recklessly endangering another person (REAP).[3] At docket CP-09-CR-0002503-2020, Appellant pled guilty to one count of theft by unlawful taking[4] for an unrelated incident. On appeal, he challenges the discretionary aspects of his sentence. For the below reasons, we affirm.

We glean the following facts from Appellant's December 9, 2020, guilty plea hearing. Regarding Appellant's charges for stalking, terroristic threats, harassment, and REAP, the Commonwealth read the following recitation of facts into the record:

---

[1] These appeals were consolidated by this Court *sua sponte*. **See** Order, 6/22/21.

[2] On May 10, 2021, Appellate Counsel filed two notices of appeal which both stated the appeal was from "the denial of post-sentence motions by Order without a hearing, entered on April 12, 2021[.]" Appellant's Notices of Appeal, 5/10/21. However, "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post[-]sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted), *appeal denied*, 800 A.2d 932 (Pa. 2002). Thus, we have corrected the caption accordingly.

[3] 18 Pa.C.S. §§ 2709.1(a)(1), 2706(a)(1), 2709(a)(4), 2705.

[4] 18 Pa.C.S. § 3921(a).

[The] Affiant is Officer Jason Mancuso from the Bristol Township Police Department.

On November 3rd, 2019, [Officer Mancuso] was dispatched to [ ] Girard Avenue in Croydon, Bucks County[, Pennsylvania].

On May 3rd, 2019, a temporary [Protection from Abuse (PFA) order] was obtained and was valid until November 15th, 2019. The victim, Tara Walp [(Victim)], filed five police reports about violations on [October 23, 2019,] for a contempt of the PFA.

On October 25th, 2019, [Victim] called 911 and reported that [Appellant] was following her from Bristol Borough to her home. [Appellant] was advised by [police] to abide by the PFA and to not have any contact with [V]ictim.

On October 26th, 2019, [Appellant] was following [Victim] and became disorderly at a crowded football field.

On November 3rd, 2019, [V]ictim began receiving texts from [Appellant] that stated, ["our minor children] will have no one before they don't have me, what don't you get, you're pushing me off the edge and for no reason.["]

[Appellant] called [Victim] a pig and then texted, ["]death sentence is what you're giving me, well, okay, I'll take it on the chin, games are over[."]

[V]ictim took these text messages in a threatening [manner] and was concerned for her safety and the safety of her family.

[Appellant] also texted her, ["]you made this all happen, you're first[."]

Multiple texts starting at 10:45 in a threatening manner were observed by [Officer Mancuso], including, ["]we are at a point they will have no parents over having one, quote me on it. You know I'm done playing games and I'm done with court. I don't give a fuck what they say or what you think, you won't be here you keep playing with my kids[."]

[V]ictim was at Walmart at [10:50 a.m.] and received a text[: "Y]ou're at Walmart as we speak. Don't fucking play with me. You try and win a court case now, it's a life case. I have nothing else but life to lose. I want my kids. I'll give you to the end of the day. You are on a suicide mission[."]

[Victim] was in fear of this escalating behavior for her life and the lives of her children.

On June 18th, 2020, [Victim] made a report at the Bristol Borough Police Department about being followed by [Appellant]. Again, an active PFA was still in place protecting [Victim] and her three children.

[Victim] advised that she was in her vehicle in the area of Green Lane and Farragut Avenue in Bristol Township, Bucks County, when she approached a traffic light where she observed [Appellant], who began to yell at her from across the street. She could not tell what he was yelling in her direction, but she proceeded on Farragut Avenue in order to get away from [him].

She noticed he entered a vehicle and sped up to follow her. [Victim] turned down several side roads to avoid [Appellant]. However, he continued to follow her, and she feared for her safety and the safety of her children in the vehicle. At the intersection of Wilson Avenue and Garfield Street, [Appellant] came head-on at [V]ictim at a stop sign with his vehicle causing her to swerve almost off the roadway. He proceeded to block her vehicle in and she could not safely leave the area. She began to yell for about 20 seconds before [Appellant] left the area.

[Victim] was terrified and shaking, as were her children in the vehicle. . . .

N.T., 12/9/20, at 21-25.

The underlying facts of Appellant's theft conviction are as follows:

On October 28th, 2019, [Falls Township Police Officer Ryan Murphy] responded to [ ] Longview Drive in Bucks County for the report of a theft complaint. On location, [Officer Murphy] spoke with Rita and Anthony Saccavino. They advised that they had been hanging out with [Appellant] and he got into an argument with Rita.

On October 28th, 2019, they woke up and found the door to their shed in the backyard open with the lock missing. An inventory of the shed found that a [w]eedwhacker, a leaf blower, and a chainsaw were all missing, all valued around $1,000. [Appellant] admitted to taking those belongings. . . .

N.T., 12/9/20, at 25-26.

After agreeing to the Commonwealth's recitation of facts on both dockets, Appellant pled guilty to one count each of stalking, terroristic threats, harassment, REAP, and theft by unlawful taking.[5] The trial court deferred Appellant's sentencing until March 30, 2021, to give him the opportunity to complete the HOPE program, a resource for incarcerated persons suffering from substance abuse issues, while in custody. Shortly after entering the HOPE program, Appellant was removed for alleged drug use.

On March 30, 2021, the trial court imposed an aggravated range sentence – 12 to 48 months' incarceration - for the offense of stalking.[6] The trial court also sentenced Appellant to a term of five years' probation for terroristic threats to run consecutive to the stalking sentence, and a concurrent term of five years' probation for theft. The trial court did not provide additional sentences for Appellant's convictions of harassment and REAP.[7] On April 6, 2021, Appellant, through his counsel John J. Fioravanti,

---

[5] At the same hearing, Appellant agreed he violated the terms of his parole in two separate matters. *See* N.T. 12/9/20, at 9-10.

[6] Based on the commentary regarding Appellant's sentencing ranges for both terroristic threats and stalking, we deduce Appellant has a prior record score (PRS) of one. *See* N.T. 3/30/21, at 38-39. The sentencing matrix dictates that stalking under Subsection 2709.1(a)(1) has an offense gravity score (OGS) of four. With a PRS of one and an OGS of four, the standard guideline range is restorative sanctions to nine months incarceration. *See* N.T. 3/30/21, at 38-39. Thus, Appellant's minimum sentence of 12 months is within the aggravated range.

[7] The trial court also sentenced Appellant to back time for the parole violations and a concurrent six months' probation for contempt of a PFA order. *See* *(Footnote Continued Next Page)*

Jr., Esquire (Plea Counsel), filed a timely post-sentence motion for reconsideration of his sentence, wherein Appellant argued:

> [ ] The sentence on the stalking counts[8] was excessive in view of [Appellant's] record, rehabilitative needs[,] and family support.
>
> [ ] The [trial c]ourt discounted [Appellant's] guilty plea, and acknowledgement of guilt.
>
> [The trial c]ourt over-emphasized the nature of these crimes.

Appellant's Motion for Reconsideration of Sentence at 2. The trial court denied Appellant's post-sentence motion on April 13, 2021.

Plea Counsel motioned to withdraw as counsel and, on April 20, 2021, the trial court granted his request and appointed the Bucks County Public Defender's Office (Appellate Counsel) to represent Appellant on appeal. Appellant filed a timely notice of appeal on May 10, 2021. On May 11, 2021, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), no later than 21 days

_____

N.T., 3/30/21, at 42, 45. However, the present appeal only concerns the new charges at docket numbers CP-09-CR-0000872-2020 and CP-09-CR-0002503-2020.

[8] In his motion for reconsideration Appellant states he has "[two] counts of stalking[.]" Appellant's Motion for Reconsideration of Sentence, 4/6/21, at 1 (unpaginated). We note that Appellant pled guilty to one count of harassment under 18 Pa.C.S. § 2709(a)(4) and one count of stalking under 18 Pa.C.S. § 2709.1(a)(1). At sentencing, the trial court sentenced him on "[c]ount [n]umber 1, stalking, [to] imprisonment in the state correctional institution for a period of" 12 to 48 months. N.T., 3/30/21, at 42. The trial court did not impose an additional sentence for harassment.

after entry of the order. Appellant failed to file a timely concise statement and the trial court issued an opinion stating all of Appellant's claims were waived. *See* Trial Ct. Op., 6/7/21, at 2-4.

Appellant then filed in this Court a "Motion to Vacate Briefing Schedule and Remand Case for Filing a Concise Statement of Matters Complained of On Appeal Pursuant to Pa.R.A.P. 1925," which cited his failure to timely file his statement as an "administrative error" of Appellate Counsel. Appellant's Motion to Vacate Briefing Schedule and Remand Case for Filing a Concise Statement of Matters Complained of On Appeal Pursuant to Pa.R.A.P. 1925, 7/9/21, at 2 (unpaginated). On July 26, 2021, this Court entered a per *curiam* order remanding the appeal to the trial court for Appellant to file a timely concise statement. Order, 7/26/21. Appellant complied, and filed a Rule 1925(b) statement on August 13, 2021. [9]

> Appellant raises the following issue on appeal:
>
> Did the trial court abuse its discretion in sentencing Appellant by imposing manifestly excessive sentences, failing to consider all relevant factors, and failing to adequately state the reasons relied upon for imposing said sentence?

Appellant's Brief at 4.

This Court has stated:

---

[9] We note Appellant raises additional claims in his 1925(b) statement challenging the discretionary aspects of his sentence. However, he makes no specific argument regarding these issues and raises only one claim in his brief. *See* Appellant's Statement of Matters Complained of On Appeal, 8/13/21, at 1-2 (unpaginated).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted).

Appellant's claim challenges the discretionary aspects of his sentence. It is well established that such a challenge does not entitle an appellant to "review as of right." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*). Rather,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
> > An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

In the present case, Appellant filed both a timely notice of appeal and a timely post-sentence motion. In addition, his brief includes the requisite concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). Thus, we must determine whether he has raised a substantial question justifying our review. "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Crawford*, 257 A.3d 75, 78-79 (Pa. Super. 2021) (citation omitted).

In Appellant's Rule 2119(f) statement, he contends the trial court abused its discretion when it "failed to consider all relevant factors such as Appellant's family history, age, or rehabilitative needs[,]" "did not adequately set forth its reasons on the record for imposing said sentence[,]" and "imposed [a] manifestly excessive and unreasonable" sentence. Appellant's Brief at 12. Preliminarily, we note the Commonwealth insists Appellant waived any claims pertaining to the sentences imposed for terroristic threats or theft. Commonwealth Brief at 17. We agree. Appellant only challenged his sentence pertaining to stalking in his post-sentence motion. *See* Appellant's Motion for Reconsideration of Sentence at 2; *see Caldwell*, 117 A.3d at 768 (claims must be "properly preserved at sentencing or in a motion to reconsider and modify sentence").

Further, the Commonwealth argues Appellant did not preserve his claim that the trial court failed to set forth on the record the reasons for imposing an aggravated range sentence. Again, we agree. Appellant did not allege the

trial court failed to state any reasons for sentencing him in the aggravated range in his post-sentence motion. Appellant's Motion for Reconsideration of Sentence at 2; **Commonwealth v. Tejada**, 107 A.3d 788, 799 (Pa. Super 2015) (citation omitted) (when an appellant fails to preserve "arguments in support of his discretionary aspects of sentencing claim at sentencing or in his post[-]sentence motion, they are not subject to [this Court's] review."). This claim is also waived for our review.

Nevertheless, Appellant preserved his claims that the trial court abused its discretion when it imposed a "manifestly excessive" sentence for his stalking conviction because the trial court failed to consider "all relevant factors" in fashioning his sentence. Appellant's Brief at 13. The factors to which Appellant refers are his "family history, age, [and] rehabilitative needs." **Id.** at 12. While a challenge to mitigating factors alone does not raise a substantial question, we note that an allegation that the trial court failed to consider rehabilitative needs and imposed an excessive sentence, absent consideration of mitigating factors, does meet the criteria for our review. **See Commonwealth v. Akhmedov**, 216 A.3d 307, 328 (Pa. Super. 2019) ("[A]n excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question.") (citation omitted); **see Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (concluding a challenge that the trial court did not consider rehabilitative needs raises a substantial question).

Though Appellant has raised a substantial question, still we conclude he is not entitled to relief. Our review of the trial court's comments at the sentencing hearing reveals the court explicitly considered Appellant's rehabilitative needs and other mitigating factors prior to imposing an aggravated range sentence:

> [Appellant], your behavior, to say the least, was atrocious. You have no regard for authority or the rule of law. What I mean by that is, you're on supervision, absconding, leaving the state, you're out of approved residence, you have multiple PFA's and you commit crimes, all while on supervision.
>
> Then you're brought in [and the court] issued a No Contact Order and the very next day you're trying to contact that you were directed not to contact.
>
> You stalked this woman and put your own children at risk with your behavior. What I heard from [Victim] is, you're going to do whatever you want and you don't really care what a judge says or what anybody else says. Now, I know that you're going to tell me and you have told me that you're very apologetic and remorseful but your conduct bears out what she told me.
>
> Your guidelines, fortunately for you, are quite low. They recommend a sentence of probation and [six] months for terroristic threats and probation and [nine] months for the stalking. But your background – and I've read [the mental health evaluation]. Your background is, perhaps, in addition to your criminal history, that suggests you have . . . some violent tendencies based upon the facts of this case[.]
>
> [The mental health evaluator] has diagnosed you as being bipolar and having substance abuse [issues]. And, of course, we know that you have been unsuccessful in the [HOPE] Program. [I] attended a seminar on substance abuse [and] heard from the physician that relapse is quite common. It's actually part of the process, so that we can expect that to take place.
>
> However, I say that only because you knew that you were probably in a position where you could not afford to make any

- 11 -

mistakes and what I heard was you had drugs in the [HOPE] Program as a violation while you're in the institution.[10]

* * *

I will also note from [Dana] Snyder[, Appellant's childhood friend,] that there's a different side of you. I have some other information from you as well that you can be friendly, caring, that you need a little bit of structure and guidance from your relationships, but that's what probation and parole tried to do.

[ ] I don't know what else to say to you other than your behavior is just completely unacceptable. The day after you're told by [the court] to stay away from [Victim], you're contacting her, you're threatening people, you're engaged in criminal conduct. I would think that you would understand you can't behave that way.

So . . . I have a great deal of information about your background and about your conduct while on supervision and while in the institution and I have a great deal of information that presents a counter argument which I've listened to from you and [Plea Counsel].

* * *

We know that you're in desperate need of treatment for mental health, substance abuse, and [the mental health evaluator] even points out a psychiatric evaluation is required.

N.T., 3/30/21, at 37-42.

Our review reveals the trial court considered the relevant factors raised by Appellant before fashioning its sentence, including his rehabilitative needs. The trial court's determination that an aggravated range minimum sentence was warranted was not an abuse of discretion and this Court cannot reconsider

---

[10] Appellant contested that he was in possession of drugs, stating "My misconduct reading was I was intoxicated. I was not found to have drugs in my possession." N.T., 3/30/21, at 40.

- 12 -

the above factors to fashion a sentence more favorable to Appellant. ***See***

***Zirkle***, 107 A.3d at 132.  No relief is due.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2022