J-S09031-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT SLADIN | : | |
| | : | |
| Appellant | : | No. 2466 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 31, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008460-2024

BEFORE: MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 8, 2026**

Robert Sladin appeals from the July 31, 2025 aggregate judgment of sentence of 2½ to 5 years' imprisonment imposed after he pled guilty to aggravated assault and possession of an instrument of crime ("PIC").[1] After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On November 30, 2024, [Appellant] attacked his daughter's boyfriend with a 9" serrated kitchen knife. As a result of the unprovoked attack, the complainant sustained serious injuries including a large gash to his left arm that required surgery, a slice to his upper lip,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 907(a), respectively.

bite marks on his leg, and several defensive wounds to the hands.

On May 6, 2025, Appellant pled guilty to aggravated assault and [PIC]. The court deferred sentencing and ordered a pre-sentence investigation and mental health evaluation.

On July 31, 2025, the court sentenced Appellant to two-and-a-half (2½) to five (5) years['] imprisonment on the aggravated assault bill. No further penalty was imposed on the remaining bill. Appellant thereafter filed a motion for reconsideration of sentence, which the court denied on September 18, 2025. This timely appeal followed.

Trial court opinion, 10/16/25 at 2-4 (footnote and extraneous capitalization omitted).[2]

Appellant raises the following issue for our review:

1. Whether the sentence imposed on [Appellant] was harsh and excessive and an abuse of discretion since the [trial] court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

Appellant's brief at 6.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015). Appellant

_____

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and preserved his discretionary sentencing claims in his August 6, 2025 post-sentence motion. Appellant has also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). *See* Appellant's

brief at 8-9. Accordingly, we must determine whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), ***appeal denied***, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), ***appeal denied***, 63 A.3d 774 (Pa. 2013).

This Court has long recognized that "[a] bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa.Super. 2013) (citation omitted), ***affirmed***, 125 A.3d 394 (Pa. 2015). Additionally, "a claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law." ***Commonwealth v. Mouzon***, 812 A.2d 617, 623 (Pa. 2002).

Likewise, "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa.Super. 2021) (citations omitted). In

*Commonwealth v. Caldwell*, 117 A.3d 763 (Pa.Super. 2015) (*en banc*), *appeal denied*, 126 A.3d 1282 (Pa. 2015), a panel of this Court reiterated that, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." *Id.* at 769.

Based on the foregoing, we conclude that Appellant's claims fail to raise a substantial question for our review, and therefore, has not preserved his challenge to the discretionary aspects of sentencing.

Alternatively, even if Appellant had raised a substantial question for this Court's consideration, we would find no abuse of discretion. As the Honorable Nicholas Kamau noted in his Rule 1925(a) opinion, the trial court thoroughly considered and weighed numerous factors in fashioning Appellant's sentence, including: Appellant's background, education and employment history; significant history of substance abuse; the victim impact testimony and severity of his injuries; the fact that Appellant expressed remorse and accepted responsibility for his actions; the submitted character testimony and letters of support; the public safety; and Appellant's rehabilitative needs. *See* trial court opinion, 10/16/25 at 4-5. The record further reflects that the trial court was in possession of a presentence investigation ("PSI") report and considered its findings. *Id.* Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those

considerations along with mitigating statutory factors." ***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 95 A.3d 275 (Pa. 2014).

For all the foregoing reasons, we affirm the trial court's July 31, 2025 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/8/2026