J-S05003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| MARKIS DEWITT | : |
| | : |
| Appellant | : No. 1963 EDA 2025 |
| | : |

Appeal from the Judgment of Sentence Entered November 18, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006765-2023

BEFORE: PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED MAY 27, 2026**

Markis Dewitt appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after he was convicted at a bench trial of possession of a firearm prohibited, 18 Pa.C.S.A. § 6105(a)(1). Dewitt challenges the discretionary aspects of his sentence, the sufficiency of the evidence, the weight of the evidence, and the trial court's denial of his suppression motion. After careful review, we affirm.

The trial court appropriately summarized the factual history.

On January 1, 2023, at approximately 5:00 p.m., Philadelphia Police Officer Jonathan Stralo and his partner responded to a report of a man with a gun near 56th Street and Greenway Avenue in Philadelphia. Upon arrival, the officers observed [Dewitt] arguing with three women. One of the women informed Officer Stralo that [Dewitt] pointed a gun at her. (**See** N.T., 7/22/24, 6-7; Commonwealth Exhibits C-1, C-7)[.]

_____

[*] Retired Senior Judge assigned to the Superior Court.

As this statement was made, the officers observed [Dewitt] running into an enclosed porch located at 1835 S. 56th Street. Officers followed and knocked on the door. After confirming with the woman that [Dewitt] was armed, the officers ordered [Dewitt] to open the door. [Dewitt] complied and the officers entered the property, detained [Dewitt] and secured the porch. While Officer Stralo and his partner discussed obtaining a search warrant, another officer observed a firearm in plain view inside an open bag on the porch, a few feet from where [Dewitt] was apprehended. The bag contained no other items, and the firearm was visible without manipulation. (**See** N.T., 7/22/24, pp. 7-21; Commonwealth Exhibits C-1, C-7.)[.]

Police Detective Eric Cohn subsequently executed a search warrant for the front porch of 1835 S. 56th Street. As expected, he recovered the gun fellow officers observed earlier that day and placed it on a property receipt. (**See** N.T., 7/22/24, 22-24; Commonwealth Exhibits C-2, C-3 and C-11).

During [Dewitt's] bench trial, Officer Stralo testified consistently with his suppression hearing testimony. The Commonwealth also presented several exhibits including photos, body-wor[n] camera footage, [Dewitt's] criminal record to establish he was prohibited from possessing a firearm and a certificate of non-licensure demonstrating that [Dewitt] did not possess a valid permit to carry a firearm. (**See** N.T., 9/4/2[4], 13-29; Commonwealth Exhibits C-1, C-5, C-6, C-9 and C-10).

Trial Court Opinion, 8/12/25, at 2-3 (headings omitted, some record citation formatting provided).

Dewitt filed a motion to suppress, which the trial court denied. After a bench trial, the trial court found Dewitt guilty. On November 18, 2024, Dewitt was sentenced to three to six years' incarceration. He did not file a post-

sentence motion. Dewitt appealed.[1] Both the trial court and Dewitt complied with Pennsylvania Rule of Appellate Procedure 1925.

Dewitt raises the following issues on appeal:

1. Whether the sentence imposed on [Dewitt] was harsh and excessive and an abuse of discretion since the lower court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

2. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of [violation of the uniform firearm's act,] 18 [Pa.C.S.A.] § 6105 beyond a reasonable doubt, as to [Dewitt]?

3. Whether the verdict of guilty on all offenses was against the weight of the evidence?

4. Whether the [trial c]ourt erred by denying the Motion to Suppress?

5. Whether the [trial c]ourt abused its discretion when it denied the Motion to Suppress?

6. Whether the [trial c]ourt erred by denying the Judgment of Acquittal?

Appellant's Brief, at 12.

_____

[1] Initially, we dismissed Dewitt's appeal for failing to file a docketing statement pursuant to Pennsylvania Rule of Appellate Procedure 3517. **See** Order, 4/4/25, Docket No. 65 EDA 2025. After new counsel was appointed, the trial court granted Dewitt's petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, seeking to reinstate his direct appeal rights *nunc pro tunc*. Thereafter, Dewitt timely refiled his notice of appeal.

In his first issue, Dewitt challenges the discretionary aspects of his sentence. "The right to appeal the discretionary aspects of one's sentence is not absolute, and the jurisdiction of this Court must be properly invoked." **Commonwealth v. Walker**, 305 A.3d 12, 19-20 (Pa. Super. 2023), *affirmed*, 341 A.3d 1271 (Pa. 2025). To invoke our jurisdiction for a discretionary sentencing claim, an appellant must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, **see** Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

**Commonwealth v. Crawford**, 257 A.3d 75, 78 (Pa. Super. 2021) (citation omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Verma**, 334 A.3d 941, 946 (Pa. Super. 2025) (citations omitted). Here, Dewitt did not object to the sentence at the sentencing hearing and never filed a post-sentence motion. Therefore, he has failed to preserve the issue.

- 4 -

Even assuming *arguendo* that Dewitt invoked our jurisdiction to consider his discretionary sentencing claim, he is still not entitled to relief. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Id.*** (citation omitted).

Dewitt argues, in conclusory fashion, that the sentencing court abused its discretion by considering only the seriousness of the offense and failing to consider mitigating factors. ***See*** Appellant's Brief, at 19-21. Dewitt's claim is completely unsupported by the record.

At the sentencing hearing, the sentencing court acknowledged that it reviewed the mental health evaluation and the post sentence investigation report. ***See*** N.T., 11/18/24, at 5. The sentencing court clearly took into account mitigating factors such as his age when he was convicted of prior offenses and that Dewitt had a difficult upbringing. ***See id.*** at 9-10. The Commonwealth and Dewitt agreed that Dewitt is a repeat violent offender and the offense gravity score was an 11, which made the guideline sentencing range 120 months plus or minus 12 months. ***See id.*** at 5; ***see also*** 204 Pa. Code § 303.16(a). The sentencing court significantly deviated downwards from the guideline range and sentenced Dewitt to 36 to 72 months' incarceration. ***See*** N.T., 11/18/24, at 10-11. Contrary to his claim, he received

a mitigated range sentence.[2] Therefore, even if Dewitt properly invoked our jurisdiction, his first claim is belied by the record and wholly without merit.

In his second issue, Dewitt challenges the sufficiency of the evidence.[3] Dewitt argues that there was no evidence presented that he possessed the firearm and the Commonwealth failed to establish constructive possession. *See* Appellant's Brief, at 23, 29. Specifically, Dewitt argues that the officers lost sight of him for about a minute when Dewitt went into the residence and there was no evidence that he was in actual possession of the firearm. *See id.* at 23. The Commonwealth argues that the totality of the circumstances, viewed in the light most favorable to the Commonwealth, established that Dewitt possessed the firearm. *See* Appellee's Brief, at 7-8.

> When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to accord to each witness's testimony and to believe all, part or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. As an appellate court, we may not re-weigh the

---

[2] Dewitt's brief contains inconsistent statements regarding the range of his sentence. He states that he received both a "standard" range sentence and an "aggravated" range sentence. *See* Appellant's Brief, at 17, 20-21.

[3] In a separate section of his brief, Dewitt claims that the trial court erred by denying his motion for judgment of acquittal. This is equivalent to a challenge to the sufficiency of the evidence and therefore does not need to be addressed separately.

evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Steele***, 234 A.3d 840, 845 (Pa. Super. 2020) (citations,

quotation marks, and brackets omitted).

Person not to possess a firearm requires the Commonwealth to establish

that a defendant possessed a firearm, and was prohibited from doing so due

to a prior conviction of an enumerated disqualifying offense.[4] ***See*** 18 Pa.C.S.A.

§ 6105(a).

> Possession can be found by actual possession or constructive
> possession. When there is no direct evidence the person was in
> physical possession of the firearm, the Commonwealth must prove
> the element of possession through what has been described as
> the legal fiction of constructive possession. This Court has stated
> that a defendant has constructive possession of contraband if he
> has conscious dominion of it, that is, he has the power to control
> the contraband and the intent to exercise that control.
> Constructive possession is an inference arising from a set of facts
> that possession of the contraband was more likely than not, and
> may be established by the totality of the circumstances[.]

***Commonwealth v. McIntyre***, 333 A.3d 417, 432 (Pa. Super. 2025) (internal

citations, quotation marks, and brackets omitted).

The trial court summarized the evidence that supported its finding that

Dewitt possessed the firearm.

> The evidence and testimony presented at trial established beyond
> a reasonable doubt that [Dewitt] possessed a firearm. This court
> found Officer Stralo and his version of events credible. As stated
> above, the police responded to a radio call of a man with [a] gun.
> When they arrived on scene, a distraught woman told them that
> [Dewitt] pointed a gun at her. The police then observed [Dewitt]

---

[4] Dewitt does not contest that he was previously convicted of a disqualifying enumerated offense.

- 7 -

fleeing onto a porch. After detaining [Dewitt] and securing the porch, police discovered a gun just a few feet from where [Dewitt] was apprehended. Although the officers did not see [Dewitt] holding a gun, it was reasonable to infer that [Dewitt] possessed the firearm. First, his flight was indicative of guilt. Second, there were no other persons on the porch to whom the gun could have been attributed. Finally, the gun was found in an area under [Dewitt's] dominion and control and in a place he could easily access. Additionally, [Dewitt] did not have a permit to carry a firearm and was ineligible to possess a firearm because of his prior criminal record.

Trial Court Opinion, 8/12/25, at 5-6.

We agree with the trial court that this evidence was sufficient to establish that Dewitt constructively possessed the firearm. Simply put, Dewitt was suspected of possessing a firearm, a distraught woman had just told the police that Dewitt had just pointed a gun at her, a firearm was found on the porch of the residence Dewitt had just entered, and the firearm was found in an area within Dewitt's dominion and control a few feet from the door. When viewed in the light most favorable to the Commonwealth, this circumstantial evidence was more than sufficient to establish that Dewitt constructively possessed a firearm. *See Commonwealth v. Wilson*, 2024 WL 3385261, at *7 (Pa. Super. filed July 12, 2024) (unpublished memorandum) (finding evidence was sufficient to prove defendant constructively possessed a firearm where police responded to a report of gunshots fired from a residence, defendant immediately answered the door when police knocked, and the firearm was plainly visible under a couch immediately adjacent to the front

door).[5] Contrary to Dewitt's argument, the fact that the officers lost sight of him for over a minute does not negate the inference of his constructive possession. ***See id.*** Therefore, Dewitt's argument is without merit.

In his third issue, Dewitt challenges the weight of the evidence. He has waived this issue. "[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012) (citing Pa.R.Crim.P. 607). Dewitt neither filed a post-sentence motion nor otherwise raised the matter with the trial court. Additionally, his briefing on the issue is wholly inadequate. After setting forth the relevant boilerplate law, he recites verbatim the identical one paragraph factual summation set forth in his sufficiency section and then states in conclusory fashion, "[g]iven these facts, the verdict was clearly against the greater weight of the evidence."[6] Appellant's Brief, at 25; ***see id.*** at 23-25. This Court

---

[5] Unpublished memorandums filed after May 1, 2019, may be cited for their persuasive value. ***See*** Pa.R.A.P. 126(b).

[6] The identical recitation of facts that Dewitt sets forth in the argument sections for his sufficiency of the evidence, weight of the evidence, and suppression claims is as follows:

> Officer Stralo lost sight of [Dewitt] for over a minute when he went inside the house. ***See*** N.T., 09/04/2024, 24. There was no evidence presented at trial that showed [Dewitt] ever possessed a gun, had a bulge in his pocket. ***See id.*** at 1-35. There was no evidence presented that connects him to a firearm. ***See id.*** Additionally, there was no evidence presented that [Dewitt] was

*(Footnote Continued Next Page)*

does not consider such undeveloped arguments as they do not conform to the Rules of Appellate Procedure and impede our ability to conduct meaningful review. ***See In re C.R.***, 113 A.3d 328, 335 (Pa. Super. 2015) (holding that a juvenile waived his weight of the evidence claim because his two-paragraph argument was undeveloped and a "reiteration of his sufficiency argument[.]"); ***see also*** Pa.R.A.P. 2119(a). Therefore, Dewitt waived this issue.

Even if Dewitt did not waive his weight of the evidence claim, he would not be entitled to relief.

> When a trial court considers a motion for a new trial based upon a weight of the evidence claim, the trial court may award relief only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. The inquiry is not the same for an appellate court. Rather, when an appellate court reviews a weight claim, the court is reviewing the exercise of discretion by the trial court, not the underlying question of whether the verdict was against the weight of the evidence. The appellate court reviews a weight claim using an abuse of discretion standard.

***Commonwealth v. Rivera***, 238 A.3d 482, 497-98 (Pa. Super. 2020) (citation omitted).

At trial, Officer Stralo was the only testifying witness. The trial court, acting as the fact finder, found his testimony credible and consistent with his

---

> the owner of this property or was in legal possession of it. ***See id.*** When [Dewitt] opened the door for the officers, the bag where the gun was found was located five (5) feet from the door. ***See id.***

Appellant's Brief, at 23, 25, 27 (record citation formatting provided).

testimony from the suppression hearing and the body camera footage. *See* Trial Court Opinion, 8/12/25, at 5. We may not re-weigh the evidence and nothing about the trial court's weighing of the evidence shock's one's sense of justice. Therefore, even if properly preserved, Dewitt would not be entitled to relief.

In his final issue, Dewitt challenges the trial court's denial of his suppression motion. He argues that the search warrant was invalid because it did not contain probable cause to establish that he possessed a firearm. *See* Appellant's Brief, at 27-28.

Our standard and scope of review for a challenge to the denial of a suppression motion is well-established.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (citations and quotation marks omitted).

The Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution prohibit unreasonable searches and seizures. *See Commonwealth v. Heidelberg*, 267 A.3d 492, 502 (Pa. Super. 2021) (*en banc*). To comply with this constitutional requirement, absent an applicable exception, a warrant supported by probable cause is necessary before the police may search for or seize evidence. *See id.*

> Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted. In considering an affidavit of probable cause, the issuing magistrate must apply the totality of the circumstances test which requires her to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit . . . including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. A court reviewing a search warrant determines only if a substantial basis existed for the magistrate to find probable cause.

*Commonwealth v. Johnson*, 42 A.3d 1017, 1031 (Pa. 2012) (internal citations and quotation marks omitted).

Here, the affidavit of probable cause stated that the complainant told the officers that Dewitt pointed a gun at her, when the officers arrived on the scene they observed Dewitt flee into his residence, as Dewitt was apprehended the officers discovered the firearm in a bag on the porch, and Dewitt was a convicted felon. *See* Affidavit of Probable Cause, 1/1/23. This leads to the

common sense conclusion that contraband or evidence of a crime, *i.e.*, the firearm, would be found in the residence that Dewitt entered. Therefore, the search warrant was supported by probable cause and Dewitt is not entitled to relief.[7]

Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date:  May 27, 2026

_____

[7] Dewitt further argues that the officers' view of the firearm in the bag on the porch was unlawful and, without this fact, there was not probable cause to support issuance of the search warrant. **See** Appellant's Brief, at 27-28. This argument is also without merit because even if the affidavit of probable cause omitted that the officers saw a firearm in a bag on the porch, the remaining facts—that Dewitt, a convicted felon, threatened the complainant with a firearm and fled inside the residence when police arrived on the scene—still supported the common sense conclusion that contraband or evidence of a crime, *i.e.*, the firearm, would be found in the residence that Dewitt entered.