J-S13041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID ANDRAUSKAS | : | |
| | : | |
| Appellant | : | No. 2187 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001604-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID ANDRAUSKAS | : | |
| | : | |
| Appellant | : | No. 2188 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001605-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID ANDRAUSKAS | : | |
| | : | |
| Appellant | : | No. 2189 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001606-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : |  |
|  | : |  |
|  | : |  |
| DAVID ANDRAUSKAS | : |  |
|  | : |  |
| Appellant | : | No. 2190 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001607-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| DAVID ANDRAUSKAS | : |  |
|  | : |  |
| Appellant | : | No. 2191 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001608-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| DAVID ANDRAUSKAS | : |  |
|  | : |  |
| Appellant | : | No. 2192 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001611-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |

| | | |
|---|---|---|
| DAVID ANDRAUSKAS | : | |
| | : | |
| Appellant | : | No. 2193 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001612-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ANDRAUSKAS | : | |
| | : | |
| Appellant | : | No. 2194 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001613-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ANDRAUSKAS | : | |
| | : | |
| Appellant | : | No. 2195 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001614-2020

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 18, 2023**

---

[*] Former Justice specially assigned to the Superior Court.

In these consolidated appeals,[1] David Andrauskas appeals from the June 28, 2022 aggregate judgment of sentence of 6½ to 13 years' imprisonment, plus $10,905.60 in restitution, imposed after he pled guilty to multiple counts of burglary, fleeing or attempting to elude a police officer, and related offenses[2] at nine different criminal dockets. After careful review, we affirm the judgment of sentence.

The relevant facts of this case are summarized at length in the trial court opinion and need not be reiterated here. *See* trial court opinion, 12/21/22 at 1-5; notes of testimony, 6/28/22 at 5-17.

The procedural history of this case, as gleaned from the certified record, is as follows. On April 27, 2022, Appellant entered an open guilty plea to multiple counts of burglary, fleeing or attempting to elude a police officer, and related offenses. These charges stemmed from Appellant's involvement in a series of burglaries of various retail businesses located in Bucks County, Pennsylvania, between January 4 through February 8, 2020.

On June 28, 2022, the trial court sentenced Appellant to an aggregate term of 6½ to 13 years' imprisonment, plus a restitution in the amount of $10,905.60. The record reflects that Appellant received credit for time-served since February 8, 2020.

---

[1] The appeals in this matter were *sua sponte* consolidated by this Court on January 3, 2023.

[2] 18 Pa.C.S.A. § 3502(a)(4) and 75 Pa.C.S.A. § 3733(a), respectively.

On June 30, 2022, Appellant filed a timely post-sentence motion for reconsideration of sentence at each trial court docket. The trial court denied Appellant's motions on July 22, 2022. This timely appeal followed.[3]

Appellant raises the following issue for our review:

> Did the [trial] court abuse its discretion by imposing a sentence that exceeded what is necessary to protect the public and to rehabilitate [Appellant], and that failed to consider other factors related to [Appellant's] rehabilitative needs, family, and pre-trial incarceration[?]

Appellant's brief at 4.

Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 117 A.3d 297 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

_____

[3] Nine separate notices of appeal, each containing one trial court docket number, were filed on Monday, August 22, 2022. **See** 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period shall fall on a Saturday, Sunday, or on a legal holiday, such day shall be omitted from the computation). On August 9, 2022, counsel for Appellant had previously filed nine notices of appeal, each containing all nine trial court dockets. On August 22, 2022, counsel filed an application to withdraw those appeals, which was granted on October 4, 2022. Appellant and the trial court have complied with Pa.R.A.P. 1925.

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), ***appeal denied***, 184 A.3d 944 (Pa. 2018).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa.Super. 2018), ***appeal denied***, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and preserved his claim in a post-sentence motion. Appellant has also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). ***See*** Appellant's brief at 14-16. Accordingly, we must determine whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), **appeal denied**, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), **appeal denied**, 63 A.3d 774 (Pa. 2013).

Here, Appellant baldly contends that his standard-range sentences "exceeded what is necessary to protect the public and to rehabilitate [him]," and that the sentencing court "failed to consider other factors related to his rehabilitative needs, family, and pre-trial incarceration[.]" Appellant's brief at 14, 16.

"This Court repeatedly has held that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Crawford**, 257 A.3d 75, 79 (Pa.Super. 2021) (citations omitted). In **Commonwealth v. Caldwell**, 117 A.3d 763 (Pa.Super. 2015), **appeal denied**, 126 A.3d 1282 (Pa. 2015), a panel of this Court reiterated that, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." **Id.** at 769. Likewise, in **Commonwealth v. Cannon**, 954 A.2d

1222 (Pa.Super. 2008), ***appeal denied***, 964 A.2d 893 (Pa. 2009), we held that a claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question for review. ***Id.*** at 1228-1229.

Based on the foregoing, we find that Appellant's argument fails to raise a substantial question, and, therefore, he has not preserved his challenge to the discretionary aspects of sentencing. Accordingly, we affirm the June 28, 2022 judgment of sentence.[4]

Judgment of sentence affirmed.

Judge Murray joins this Memorandum.

Judge Nichols concurs in the result.

---

[4] Even if Appellant had raised a substantial question for this Court's consideration, we would find no abuse of discretion. Contrary to Appellant's contention, our review of the June 28, 2022 sentencing hearing transcript reveals that the trial court considered and weighed numerous factors in fashioning Appellant's sentence, including his rehabilitative and treatment needs and the impact of his crimes on the public. ***See*** notes of testimony, 6/28/22 at 29-30, 41-43, 52.

Judgment Entered.

_Joseph D. Seletyn, Esq._
_Prothonotary_

Date: _5/18/2023_