J-S16041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TAHZAY YOUNG | : | |
| Appellant | : | No. 2570 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000769-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TAHZAY YOUNG | : | |
| Appellant | : | No. 2571 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000771-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TAHZAY YOUNG | : | |
| Appellant | : | No. 2679 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000770-2019

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 30, 2024**

In these consolidated appeals,[1] Tahzay Young appeals from the October 27, 2021 aggregate judgment of sentence of 57 to 114 years' imprisonment imposed after he pled guilty to three counts of third-degree murder; two counts each of abuse of a corpse and possessing instruments of crime; and one count each of access device fraud, theft, and tampering with or fabricating physical evidence.[2]  After careful review, we affirm the judgment of sentence.

A detailed recitation of the factual background is not relevant to our disposition and need not be reiterated in full here.  In sum, Appellant brutally beat and/or stabbed three victims, Warren Harrison (age 95), Khadijah Abdullah (age 59), and Earl Cottle (age 57) in November 2018.  All of the murders took place in the elderly victim Harrison's home, where Appellant was a boarder.  Appellant then discarded two of the victims' bodies at the foot of the basement steps to decompose, stole Harrison's credit cards, and went on a shopping spree throughout Philadelphia.  **See** notes of testimony, 7/15/21, at 18-22.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's appeals at Nos. 2570 EDA 2023, 2571 EDA 2023, and 2679 EDA 2023 were consolidated by this Court on October 27, 2023.

[2] 18 Pa.C.S.A. §§ 2502(c), 5510, 907(a), 4106(a), 3921(a), and 4910(1), respectively.

The trial court summarized the procedural history of this case as follows:

On July 15, 2021, Appellant entered an open guilty plea to [the aforementioned offenses at CP-51-CR-0000769-2019, CP-51-CR-0000770-2019, and CP-51-CR-0000771-2019, respectively]. Sentencing was deferred for presentence investigation and mental health evaluation.

On October 8, 2021, Appellant was sentenced [to] … a total aggregate sentence of sixty-four (64) to one hundred twenty eight (128) years['] imprisonment.

On October 11, 2021, Appellant filed a Post-Sentence Motion for Reconsideration of Sentence. Following a Reconsideration hearing on October 27, 2021, Appellant was resentenced to an aggregate of fifty-seven (57) to one hundred fourteen (114) years['] imprisonment. Appellant timely filed his first Post-Conviction Relief Act (PCRA) Petition,[3] **pro se**, on September 21, 2022. Appellant's PCRA Counsel, [Stephen T.] O'Hanlon, [Esq.,] filed an Amended PCRA petition on November 10, 2022, seeking Reinstatement of Direct Appeal Rights **Nunc Pro Tunc**. In its March 9, 2023, Letter in Brief, the Commonwealth agreed to have an evidentiary hearing regarding whether Appellant requested that his trial counsel file an appeal. Ultimately, on September 29, 2023, Appellant's PCRA was granted, and his appellate rights were restored **Nunc Pro Tunc**.

On September 30, 2023, this timely appeal was filed to the Superior Court and a counseled 1925(b) Statement of Errors Complained of on Appeal followed on October 18, 2023. [The trial court filed its Rule 1925(a) opinion on November 6, 2023.]

Trial court opinion, 11/6/23 at 1-2.

Appellant raises the following issue for our review:

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

1. Did the resentencing court abuse its discretion in resentencing Appellant to an aggregate sentence of 57 to 114 years because many of the issues raised in Appellant's post-sentence motion following sentencing were not adequately addressed during resentencing including continued unjustified excessive and consecutive sentences (constituting an effective life sentence) as well as the fact that there was a continued inadequate consideration of Appellant's expression of remorse and acceptance of responsibility, background, mental health, and limited prior record meaning that the resentencing court did not adequately address Appellant's post-sentence motion?

Appellant's brief at 4 (extraneous capitalization omitted).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging

the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and preserved his sentencing claims in a post-sentence motion. Appellant has also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). **See** Appellant's brief at 9-12. Accordingly, we must determine whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), ***appeal denied***, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), ***appeal denied***, 63 A.3d 774 (Pa. 2013).

Instantly, Appellant's discretionary sentencing claim is two-fold. Appellant's excessiveness claim is premised on his argument that the trial court imposed consecutive sentences and failed to consider numerous mitigating circumstances.

Specifically, Appellant first argues that the trial court abused its discretion in resentencing him to "unjustified excessive and consecutive sentences" for three counts of third-degree murder and related charges. Appellant's brief at 8, 12-13. This Court has consistently recognized that "claims premised on imposition of consecutive sentences do not raise a substantial question for our review." ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa.Super. 2018). "A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[.]" ***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa.Super. 2015) (***en banc***), ***appeal denied***, 126 A.3d 1282 (Pa. 2015).

Additionally, Appellant claims that the trial court failed to consider numerous mitigating circumstances, including his "expression of remorse and acceptance of responsibility, background, mental health, and limited prior record[.]" Appellant's brief at 8, 10-11, 13-14. We note that "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Crawford***, 257 A.3d 75, 79

(Pa.Super. 2021) (citations omitted); *see also Caldwell*, 117 A.3d at 769 (holding that, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question.").

Based on the foregoing, we conclude that Appellant's claims fail to raise a substantial question for our review, and therefore, has not preserved his challenge to the discretionary aspects of sentencing. Accordingly, we affirm the October 27, 2021 judgment of sentence.[4]

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Judge Lane concurs in the result.

_____

[4] Even if Appellant had raised a substantial question for this Court's consideration, we would find no abuse of discretion. The record reflects that the trial court thoroughly considered Appellant's history of mental illness, institutionalization, alcohol use and dependency, expression of remorse and accountability, and the guilty plea itself in resentencing him within the standard guideline range. *See* notes of testimony, 10/27/21 at 17-22. The trial court further indicated that it reviewed the pre-sentence investigation ("PSI") report in this matter. *See* trial court opinion, 11/6/23 at 9. Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2024