J-S11038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEYNA BURKS | : | |
| | : | |
| Appellant | : | No. 1070 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 15, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001246-2022

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 20, 2024**

Appellant, Keyna Burks, appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas after he entered a guilty plea to one count of carrying a firearm by a prohibited person.[1]  He challenges the discretionary aspects of his sentence, claiming that the plea court failed to properly account for his circumstances and the circumstances of his case and improperly chose his imprisonment term based on misperceptions of fact.  Upon review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).  For the sake of clarity, we note that, while Appellant's name has been consistently identified as "Keyna Burks" in the captions for the instant appeal and the trial court's docket, Appellant's brief and various documents in the certified record separately refer to him as "Kenya Burks."

On February 8, 2022, United States Coast Guardsmen were conducting random screenings on commercial vehicles at the Packer Port Terminal located at 3301 South Christopher Columbus Boulevard in Philadelphia. N.T. 9/6/22, 8. In a red freighter operated by Appellant, the Guardsmen observed a clear bag with three magazines and multiple rounds of nine-millimeter ammunition. *Id.* Appellant told them that there was a firearm in the vehicle. *Id.* The Guardsmen recovered a Glock 19 gun in a mini-fridge behind the passenger seat. *Id.* Appellant had an outstanding warrant from the state of Georgia at that time and was ineligible to possess a firearm due to prior convictions in Georgia for armed robbery and aggravated assault. *Id.* at 8-9.

On September 6, 2022, Appellant entered a non-negotiated guilty plea to the above-referenced firearms offense. N.T. 9/6/22, 9; Trial Disposition and Dismissal Form, 9/6/22, 1. Sentencing was deferred for the preparation of a pre-sentence investigation report. N.T. 9/6/22, 10. On December 15, 2022, the plea court imposed a sentence of seven to fourteen years' imprisonment, a term at the bottom of the standard range recommended by the Sentencing Guidelines.[2] Sentencing Order, 12/15/22, 1; N.T. 12/15/22,

_____

[2] For an offense committed on February 8, 2022, the 7th Edition Amendment 6 of the Sentencing Guidelines applied to Appellant's offense. 204 Pa. Code § 303.1(c) (7th ed., amend. 6). Due to his prior offenses committed in the state of Georgia, Appellant had a prior record score of Repeat Felony 1 and Felony 2 Offender Category ("RFEL"). Sentencing Guideline Form, 11/7/22, 1; N.T. 12/15/22, 5-6. The firearms offense in the instant case had an offense gravity score of eleven. 204 Pa. Code § 303.15 (7th ed., amend. 6); N.T. 12/15/22, 5. Accordingly, the Sentencing Guidelines recommended a minimum
*(Footnote Continued Next Page)*

34. Appellant timely filed a post-sentence motion for modification of sentence that was denied by operation of law on April 20, 2023. Post-Sentence Motion, 12/22/22; *see* Pa.R.Crim.P. 720(B)(3)(a) ("if the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be denied by operation of law."). Appellant timely filed a notice of appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Notice of Appeal, 4/20/23, 1; Rule 1925(a) Order, 4/21/23, 1; Petition for Extension of Time, 5/2/23, 1-2; Order Granting Petition for Extension of Time, 5/4/23, 1; Rule 1925(b) Statement, 5/10/23, 1.

Appellant presents the following question for our review:

> Did not the sentencing court err and abuse its discretion, and violate the requirement of 42 Pa.C.S. § 9721(b) of the Sentencing Code, as the lower court seemed to misperceive some of the facts presented at the sentencing hearing and otherwise seemed to exclusively focus on Appellant's criminal conduct rather than his rehabilitative needs and mitigating circumstances?

Appellant's Brief at 4 (paragraph numeral and answer of the lower court omitted).

Appellant asserts that his sentence is longer than necessary to suit the sentencing factors at 42 Pa.C.S. § 9721(b) and that the trial court decided on his imprisonment term based on misperceptions of the testimony and

---

imprisonment term of 84 to 102 months of imprisonment, plus or minus twelve months' imprisonment for aggravating or mitigating circumstances. 204 Pa. Code § 303.16(a) (7th ed., amend. 6); N.T. 12/15/22, 5.

evidence presented by the defense at the sentencing hearing. Appellant's Brief at 17, 19. As to the former point, he notes, "[t]he sentencing court here, focusing on the gravity of the offense, failed to consider the circumstances of the case, including that there was little threat of harm to the public, and failed to consider [his] rehabilitative needs." *Id.* at 19. Reasoning that, "despite periodic setbacks, he has consistently worked towards his goal of leading a productive, law-abiding life," he alleges that his seven-to-fourteen-year imprisonment term fails to satisfy Section 9721(b)'s mandate for confinement consistent with the gravity of the offense, the need for public protection, and his needs for rehabilitation. *Id.* at 19. As for the role of misconceptions of fact influencing the sentence ultimately imposed, Appellant suggests that the sentencing court did not understand the timing of his past crimes and his stated reason for possessing the gun recovered in this case. *Id.* at 26-27. Appellant characterizes the court's supposed "reliance on misinformation and/or incorrect facts" as "reliance on an impermissible factor," which he alleges requires vacation of his sentence. *Id.* at 27.

There is no absolute right to appellate review of a discretionary sentencing claim. *Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa. Super. 2021) (*en banc*). Rather,

> We conduct a four-part analysis to determine: (1) whether [the] appellant [ ] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9782(b).

*Commonwealth v. Bartic*, 303 A.3d 124, 134 (Pa. Super. 2023) (citation omitted). Following satisfaction of all four elements of this review, this Court then reviews the underlying discretionary aspects of sentencing issue, pursuant to an abuse of discretion standard. *Commonwealth v. Akhmedov*, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*).

As noted above, Appellant timely filed a notice of appeal. Our focus must then turn to determining whether Appellant properly preserved his claim in the trial court. A defendant must preserve a discretionary sentencing claim either at sentencing or in a timely-filed post-sentence motion, otherwise the claim is waived on direct review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see, e.g., Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (noting that objections to the discretionary aspects of a sentence are generally waived if they are not raised at sentencing or preserved in a post-sentence motion).

Here, Appellant did not raise any discretionary sentencing challenges at the sentencing hearing after the imposition of his imprisonment term. N.T. 12/15/22, 34-35. His timely-filed post-sentence motion for reconsideration of sentence thus set the preservation bounds of any appellate discretionary sentencing claim for our review. Upon our review of that motion, we appreciate that it properly preserved the first half of the instant appellate claim

claiming that the sentencing court imposed a sentence larger than necessary to suit the sentencing factors at 42 Pa.C.S. § 9721(b) by not giving greater weight to Appellant's mitigating sentencing factors. **See** Post-Sentence Motion, 12/22/22, ¶¶ 4-9. At the same time, we note that the motion is silent as to Appellant's assertion that the sentencing court chose his sentence based on misperceptions concerning the arguments and evidence presented at the sentencing hearing. Accordingly, that portion of the instant claim is waived for lack of preservation. **See Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003) (discretionary sentencing claim waived where, although appellant filed a post-sentence motion for reconsideration, the motion did not include the specific claim raised on appeal; Mann's assertion in the motion "that his sentence was unduly severe and that the trial court abused its discretion under the Sentencing Code" waived for review his more specific allegation that the court failed to state on the record its reasons for imposing the sentence); **see also Commonwealth v. Williams**, 198 A.3d 1181, 1186 (Pa. Super. 2018) ("it is well-settled that a post-sentence motion only preserves challenges to the discretionary aspects of sentencing that are specifically included in the post-sentence motion").

We next consider whether Appellant included a separate statement in his brief that is required by Pa.R.A.P. 2119(f) and whether that statement demonstrates that Appellant's preserved claim raises a substantial question permitting our review. In those respects,

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted).

Citing our opinion in *Commonwealth v. Crawford*, 257 A.3d 75, 79 (Pa. Super. 2021), the Commonwealth suggests that the preserved portion of the instant claim does not raise a substantial question because "[a] claim of inadequate consideration of factors does not raise a substantial question." Appellee's Brief at 5. In the relevant section in *Crawford*, we noted "this Court repeatedly has held that a 'claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.'" 257 A.3d at 79, *citing Commonwealth v. Eline*, 940 A.2d 421, 435 (Pa. Super. 2007).

Appellant's preserved claim, however, is different from the one addressed in *Crawford*. There, we noted that Crawford's Rule 2119(f) statement "fail[ed] to explain what portion of the Sentencing Code, if any, with which his sentence was inconsistent or how it ran contrary to fundamental sentencing norms." *Crawford*, 257 A.3d at 79. In the instant case, however, "Appellant asserts that the lower court erred in sentencing him in violation of 42 Pa.C.S. § 9721(b)." Appellant's Brief at 15. Appellant's claim is not only

that the sentencing court failed to properly weigh his mitigating factors but that the sentence imposed after the presentation of those mitigating factors indicated a failure to consider the statutory factors present in Section 9721(b). He asserts:

> A sentence that the lower court feels is consistent with the protection of the public and the gravity of the offense raises a substantial question for appellate review if it does not take into account the defendant's rehabilitative needs and is disproportionate to the circumstances when adjudged as a whole.

Appellant's Brief at 15, *citing Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011). Because the preserved portion of Appellant's claim combines an excessiveness allegation with an argument that the lower court failed to consider the relevant sentencing factors in Section 9721(b), we agree that it raises a substantial question permitting our review. *See Commonwealth v. Harper*, 273 A.3d 1089, 1097 (Pa. Super. 2022) (noting "[t]his Court has found a substantial question exists where there is an allegation that the sentencing court failed to consider the factors set forth in 42 Pa.C.S.A. § 9721(b)") (footnote omitted); *Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa. Super. 2020) (finding a substantial question is raised by a claim asserting a failure to consider the relevant sentencing criteria required by Section 9721(b)).

For at least the first half of Appellant's claim, we may proceed to substantive review. Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Derrickson*, 242 A.3d at 680 (citation omitted). As the instant sentence was within the standard range recommended by the Sentencing Guidelines, we note that the 42 Pa.C.S. § 9781(c)(2) provides that this Court "shall vacate the sentence and remand the case to the sentencing court with instructions if it finds … the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable."

The thrust of Appellant's preserved argument is that the length of his imprisonment term was indicative of a failure by the sentencing court to consider the required sentencing factors in Section 9721(b) including the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and Appellant's rehabilitative needs. He argues that the seven-to-fourteen-year sentence is inappropriate for a person who, "despite periodic setbacks, … has consistently worked towards his goal of leading a productive, law-abiding life." Appellant's Brief at 19. He acknowledges that he received a felony burglary conviction at the age of 17 and thereafter was convicted of two robberies in the next four years. *Id.* at 23-24. He then points out that he "attempted to reform himself,

starting a trucking business, buying a home, and starting" a program to educate young people to avoid incarceration. *Id.* at 24; *see also* N.T. 12/15/22, 15-16. He also acknowledges that a divorce led him to self-medicate with marijuana and that development led to "more convictions related to his drug use." Appellant's Brief at 24. Because "the bulk" of his criminal record consists of convictions "incurred in his youth some two and a half decades ago," he asserts that his prior record score "does not fairly reflect [his] criminal history." *Id.* at 25.

As for the Section 9721(b) factors concerning the need to protect the public and the gravity of the offense, Appellant characterizes his offense in the instant case as a non-violent offense that failed to demonstrate that he posed a threat to others:

> Here, Appellant merely possessed the weapon. He did not use it in the commission of a crime; rather, the evidence presented at sentencing indicated that Appellant possessed the weapon for self-protection purposes while he was plying his trade as a trucker. Appellant cooperated with authorities, and informed them that there was a gun in the vehicle. Appellant had never been before in Philadelphia. His contact with the city was limited by the amount of time he needed to complete his delivery contract and, so Appellant's mere possession of the gun posed limited danger to the citizens of Philadelphia.

Appellant's Brief at 25.

The sentencing court advises us that it "reviewed all mitigation provided and afforded additional leniency to Appellant for waiving his right to a trial for entering a plea." Plea Court Opinion, 6/12/23, 4. Referring to its statement

of reasons for the sentence included in the sentencing hearing notes of testimony, the sentencing court asserts that the imposed imprisonment term "is neither an abuse of discretion nor excessive." *Id.* The court directs us to the following passage of its statement of reasons to reflect its "express consideration" of the required sentencing factors under Section 9721(b):

> I have carefully reviewed the Presentence investigation report, the information contained therein. I did review the notes of testimony from the … trial date, but you entered into a plea on that date. I do recall the circumstances, and I did review the notes from the motion hearing that was before me, so I remember it too.
>
> I reviewed the mitigation memorandum provided by … your attorney, Miss Singleton. I'm also taking into consideration the arguments of counsel the impassioned speech that you made on your own behalf.
>
> In determining your sentence, I am taking into account the need to protect the public, the gravity of the offense as it relates to the impact on the community, as well as your rehabilitative needs, Mr. Burks. I'm also considering, as I indicated, the sentencing guidelines, the PSI testimony, the letters provided from your family and friends, the arguments of counsel. You did enter into an open guilty plea, as indicated by [the] Commonwealth on the day of jury selection but I will give you some mitigation.

Plea Court Opinion, 6/12/23, 5-6, *quoting* N.T. 12/15/23, 33-34 (formatted as in the notes of testimony).

In these circumstances, we agree with the sentencing court that Appellant has failed to demonstrate an abuse of discretion. First, the sentence at issue is presumptively reasonable because it fell within the standard range recommended by the Sentencing Guidelines. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (noting that a standard

guideline range sentence "is presumptively where a defendant should be sentenced") (citation omitted).

Second, we can presume that the sentencing court was aware of the statutory sentencing factors and properly weighed them because the record reflects the court's review of a presentence investigation report. **See Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."); **accord Commonwealth v. Rosario**, 248 A.3d 599, 614 (Pa. Super. 2021); **Commonwealth v. Wallace**, 244 A.3d 1261, 1279 (Pa. Super. 2021).

Third, Appellant has not demonstrated that the application of the standard-guideline range sentence was clearly unreasonable. While he maintains that he "has consistently worked towards his goal of leading a productive, law-abiding life," Appellant's Brief at 19, his criminal record does not align with his suggestion that he has become a mature, reformed person hampered by a criminal record substantially consisting of crimes of youthful indiscretion. For instance, he had an outstanding warrant in the state of Georgia at the time of the instant offense. N.T. 12/15/22, 7, 10. His criminal history included with his presentence investigation report also referenced four new criminal matters in the state of Georgia between 2018 and 2020, at which point Appellant was between the ages of thirty-nine and forty-one. Criminal History Attached to Sentencing Guidelines Form, 11/7/22. The charges in

those cases all involved controlled substances in some fashion but one of them included a conviction for receipt, possession, or transportation of a firearm by a convicted felon, a crime that should have placed Appellant on further notice of his inability to possess a firearm for purposes of the instant case. *Id.* On top of these various new criminal charges in recent cases, Appellant remained on criminal supervision with respect to his Georgia matters at the time of his crime in the instant case. N.T. 12/15/22, 6-7. The implication of Appellant's claim is that his instant case is an aberration in a long span of reformed conduct and the trial court should have granted him a lower sentence because of that. That broad characterization is undercut by his actual recent criminal history from the state of Georgia.

The sentence in this case is undeniably significant and the length of that term is a function of Appellant's prior criminal history that caused him to have a "RFEL" prior record score. The recent inclusion of multiple new criminal cases in that prior criminal history conflict with Appellant's references to his "strides towards ultimate rehabilitation." Appellant's Brief at 22. Properly viewing the record under our applicable standard of review, we are unable to conclude that the sentence imposed – in light of Appellant's mitigation arguments – was clearly unreasonable because the sentencing court did not depart below the bottom of the standard range recommended by the Sentencing Guidelines in rendering his sentence. The sentence itself did not indicate an abdication of the consideration of the Section 9721(b) sentencing factors by the sentencing court. Accordingly, we will not intrude on the

judgment of sentence imposed. **See Commonwealth v. Bowens**, 265 A.3d 730, 764 (Pa. Super. 2021) (*en banc*) ("We cannot reweigh the sentencing factors and impose our judgment in the place of the sentencing court."), *quoting Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/20/2024