J-S15037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID BRICKER | : | |
| | : | |
| Appellant | : | No. 1003 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 18, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001379-2023

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED: June 27, 2025**

Appellant, David Bricker, appeals from the judgment of sentence imposed by the Court of Common Pleas of Allegheny County after he entered an open guilty plea to failing to verify address and be photographed though obligated to comply with sexual offender registration requirements.[1] In this appeal, Appellant argues that the sentencing court abused its discretion by imposing a term of incarceration within the standard range recommended by Pennsylvania's Sentencing Guidelines. We affirm.

On December 19, 2022, Appellant was a person subject to sexual offender registration under Title 42 for a period of 25 years to life because of his past convictions for rape, involuntary deviate sexual intercourse, and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915.2(a)(2), (c)(2).

kidnapping. On that date he knowingly failed to register with the Pennsylvania State Police ("PSP"), which was charged as count 1, and also failed to verify his address with or be photographed by the PSP, which was charged as count 2. *See* N.T. Guilty Plea, 11/15/23, 3.

On November 15, 2023, Appellant entered a guilty plea to count 2, for failing to verify his address with the PSP. In exchange for his guilty plea, the Commonwealth agreed to withdraw count 1 and to leave the sentence to the court's discretion. Appellant declined to have a pre-sentence investigation report prepared but requested that sentencing nonetheless be deferred to another date. *See* N.T. Guilty Plea, 11/15/23, 3-7.

The sentencing hearing was held on December 18, 2023. The recommended sentencing guidelines for the offense were 21 to 27 months' imprisonment in the standard range and 12 to 21 months' imprisonment in the mitigated range. N.T. Sentencing, 12/18/23, 10. As promised, the Commonwealth left the determination of the appropriate sentence to the court's discretion without presenting argument or evidence. *Id.*, 3.

Counsel for Appellant asked the court to impose a term of probation, which would be below the mitigated range. N.T. Sentencing, 12/18/23, 3. In support, counsel explained that Appellant had failed to register because his housing situation had changed and become uncertain. According to counsel, Appellant had been living in a friend's home for six months when he was, at that point, asked to leave. *Id.* Appellant believed it to be only temporary, so

he was "couch surfing" until he could return to his friend's home but subsequently learned that he would not be allowed to return. *Id.*

The sentencing court asked Appellant's counsel, "Where did you get that information?" N.T. Sentencing, 12/18/23, 4. When counsel replied he was forwarding Appellant's version without independent confirmation, the court indicated it was skeptical. *Id.* The court was similarly skeptical when counsel asserted, without documentation, that Appellant had registered at his new address since the December 2022 violation. *Id.* Appellant stated he accepted responsibility for the "lapse" in registration. *Id.*, 7-8.

The court indicated that it did not find Appellant's so-called "lapse" in registering to be a mitigating factor, as it was the crime to which he pleaded guilty. N.T. Sentencing, 12/18/23, 10. In the court's opinion, the only mitigating factor was Appellant's guilty plea, but that was countered by what the court viewed as a laid-back attitude to his legal obligation to keep his registration current. *Id.*, 10-11. It therefore imposed a standard-range term of incarceration of 24 to 60 months' imprisonment. *Id.*, 11. **See** Order of Sentence, 12/18/23.

Appellant filed a post-sentence motion on December 29, 2023. **See** Appellant's Post-Sentence Motion, 12/29/23. In that motion, Appellant sought modification of his sentence on the grounds that he could document that he had registered as a sex offender since December 2022 and now had stable housing. *Id.*, ¶ 10(d, h). He also argued that he had only pleaded guilty to failing to register because his pertinent registration information had changed

"before his subsequent registration period" and not for failing to appear for registration or providing false information. *See id.*, ¶ 10(e-f). He asserted therefore that the sentence of incarceration was "excessive to his rehabilitative needs." *Id.*, ¶ 10(i).

On January 4, 2024, the sentencing court ordered the Commonwealth "to file a response to" Appellant's post-sentence motion by January 14, 2024. Order, 1/4/24. The Commonwealth filed its response on January 5, 2024, noting that the sentence fell within the standard range of the sentencing guidelines and objected to modification because it was "appropriate" for the offense. Commonwealth's Response, 1/5/24, ¶¶ 10-11. The court then set January 31, 2024, as the date for a post-sentence motion hearing.

At the post-sentence motion hearing, Appellant presented documentation that he had registered with the PSP as a sex offender three times since December 2022 as a demonstration that that the failure constituting his offense was an exception to his usual conduct. *See* N.T. Motion, 1/31/24, 4-5. The court responded that even though Appellant had to register, he had become "cavalier" about it. *Id.*, 5. It further noted that it was not persuaded to modify the sentence just because Appellant subsequently did what the law required. *See id.*, 5-6. The court explained that Appellant "had a duty to inform [where he resided at the time and] didn't take it seriously." *Id.*, 8. After hearing Appellant's allocution and questioning him about his housing situation at the time, the court stated it was "still not convinced … that [Appellant] embraced the required registration." *Id.*, 15.

The court stated that it was "not persuaded" by the allocution and remarked, "He's just giving excuses." *Id.* It therefore denied the motion for modification of sentence. *Id.*; *see also* Order, 1/31/24.

On March 1, 2024, Appellant, through counsel, filed a notice of appeal. On March 27, 2024, counsel for Appellant discontinued the appeal. *See* Appellant's Praecipe for Discontinuance, 3/27/24 (274 WDA 2024).

On April 2, 2024, Appellant, through the same counsel, filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* (the "PCRA"), seeking reinstatement of his post-sentence motion and direct appeal rights. Appellant alleged that his appellate counsel, from the Allegheny County Public Defender's Office, noticed that his sentencing counsel, also a member of the Allegheny County Public Defender's Office, had not filed his post-sentence motion in a timely fashion "resulting in [Appellant's] discretionary-aspect-sentencing claim being waived and his notice of appeal being untimely." Appellant's PCRA Petition, ¶ 14. Counsel therefore discontinued the appeal. *Id.* In a footnote, Appellant alleged sentencing counsel's ineffective assistance "in failing to timely file a post-sentence motion challenging the discretionary aspects of his sentence, and also in failing to timely appeal his case to the Superior Court." *Id.*, ¶15 n.5. The Commonwealth filed an answer in which it conceded that Appellant's post-sentence motion and direct appeal rights should be reinstated." Commonwealth's Answer, 5/21/24, 8. The PCRA court granted the petition seeking restoration of Appellant's "post-sentencing

rights" and ordered him to file a post-sentence motion *nunc pro tunc* within 30 days. PCRA Court Order, 6/26/24.

Appellant filed with the PCRA court a new, timely post-sentence motion for modification of his sentence. In this motion, he alleged the same reasons as he had in his untimely motion, and sought modification of the "excessive" term of incarceration into "a period of probation." **See** Appellant's Post Sentence Motion, 7/3/24, ¶¶ 13 (a-h), 14. The PCRA court set August 6, 2024, as a hearing date for Appellant's newly-filed post sentence motion.

At the hearing, Appellant argued that his term of incarceration was "excessive" because he had a long record of abiding by his registration requirements, his December 2022 failure was due to a "mixup" about housing, and since then has been registering regularly thereby demonstrating that "he does actually take registration seriously." N.T. Motion, 8/6/24, 3. The Commonwealth asked that the Appellant's motion be denied because Appellant's arguments were the same as had been heard by the sentencing court, which had taken them all into account when it imposed a standard-range term of incarceration. **Id.**, 4-5. The PCRA court denied the post-sentence motion by written order. Order, 8/13/24.

Appellant filed a notice of appeal on August 14, 2024. The court ordered Appellant to file a concise statement of errors complained of on appeal, which Appellant timely filed. **See** Pa.R.A.P. 1925(b).

Appellant raises a single issue for our review, which we paraphrase:

Whether the sentencing court abused its discretion by focusing on the seriousness of the offense to the exclusion of other mandatory sentencing factors, as required by 42 Pa.C.S. § 9721(b)?

*See* Appellant's Brief, 4.

Appellant argues that the PCRA court should have granted his post-sentence motion because the sentencing court had "focused on the gravity of the offense to the exclusion of all other factors." Appellant's Brief, 20. Appellant contends that the sentencing court misunderstood his intent when he called his failure to register a "lapse." *Id.*, 21. He criticizes the sentencing court for then "not[ing] the seriousness of the offense" and explaining that it did not agree with "the attitude in this building" that failure to register cases "aren't any big deal." *Id*. Appellant also reiterates the explanation he provided for his "lapse" in his allocution at the initial post-sentence hearing, which was his belief that he did not have to register until he found a place to stay "for the next 30 days." *Id.*, 23. Appellant then compares his sentence to the term of 18 to 90 years' incarceration that this Court found to be an abuse of discretion in *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa. Super. 2011). *See id.*, 24-26. He concludes that the sentencing court "violated Section 9721(b) by focusing exclusively on the seriousness of the offense and ignoring the other mandatory sentencing factors." *Id.*, 26.

Discretionary sentencing claims are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015).

Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a

- 7 -

motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. An appellant must satisfy all four requirements.

*Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022) (internal citations omitted), *appeal denied*, 302 A.2d 626 (Pa. 2023).

Appellant satisfied the first two requirements for merits review of his discretionary sentencing claim by filing both a timely post-sentence motion and a notice of appeal after his post sentence rights were reinstated by the PCRA court. In his *nunc pro tunc* post-sentence motion, he argued that the sentencing court had abused its discretion by imposing an "excessive" sentence in light of the Section 9721(b) factors of "the protection of the public, gravity of the offense, and […] rehabilitative needs." Appellant's Post-Sentence Motion, 7/3/24, ¶13(h).

Appellant also included reasons for granting substantive review in a separate section of his brief in accordance with Pa.R.A.P. 2119(f). *See* Appellant's Brief, 15-18. Therefore, we now turn to whether Appellant established a substantial question for review. We make the determination on a case-by-case basis. *Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super. 2021). "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial

- 8 -

question exists." *Id.* at 78-79 (*quoting* **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018)) (brackets omitted).

In Appellant's Rule 2119(f) statement, he asserts that in his post-sentence motion he "maintained" that the sentencing court abused its discretion by imposing a 24-to-60-month term of incarceration because it was "excessive, especially when considering the required factors" in Section 9721(b), including Appellant's rehabilitative needs. **See** Appellant's Brief, 17. **See also** Appellant's Post Sentence Motion, 7/3/24, ¶ 13 (h).[2] We conclude that Appellant's combined allegation that his sentence is excessive and the court failed to consider his rehabilitative needs is sufficient to raise a substantial question. **See Commonwealth v. Swope**, 123 A.3d 333, 339 (Pa. Super. 2015) ("This Court has … held that an excessive sentence claim— in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citations and internal quotation marks omitted).

We now turn to a substantive review of the exercise of the sentencing court's discretion. As noted above, Appellant argues that the sentencing court "focused on the gravity of the offense to the exclusion of all other factors,"

_____

[2] The Commonwealth "submits" we may find that Appellant's "boilerplate, undeveloped claim" does not present a substantial question meriting review, because he failed to explain how the sentence imposed is excessive in view of Section 9721(b) factors. **See** Commonwealth's Brief, 13. Appellant filed a reply brief responding at length to the Commonwealth's objection. **See** Appellant's Reply Brief, 1-6. As we are required to make our determination based solely on the Rule 2119(f) and the statement of questions presented, we will not consider the arguments in his reply.

and therefore the PCRA court should have granted his July 2024 post sentence motion. Appellant's Brief, 20. He also reiterates his arguments that the sentencing court misunderstood what he meant by calling his failure to register a "lapse," *see id.*, 20-21, and that the failure to register was a misunderstanding on his part, *see id.*, 23. Appellant then compares his sentence to the term of 18 to 90 years' incarceration that this Court found to be an abuse of discretion in *Coulverson*. *See id.*, 24-26. He concludes that the sentencing court "violated Section 9721(b) by focusing exclusively on the seriousness of the offense and ignoring the other mandatory sentencing factors." *Id.*, 26.

Our standard of review of the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting other cases).

Additionally, our review is confined by statutory mandate. *See id.* at 826-27. Specifically, we may only vacate and remand for resentencing, here, if the sentencing court's application of a guideline sentence term was "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). "[I]t is clear that the General

- 10 -

Assembly intended the concept of unreasonableness [for the purposes of Section 9781(c)] to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." ***Commonwealth v. Walls***, 926 A.2d 957, 963 (Pa. 2007).

In deciding whether a sentencing court imposed a sentence that was clearly unreasonable, we are to be guided by the considerations listed in 42 Pa.C.S. § 9781(d) – nature and circumstances of the offense and history and characteristics of the defendant; opportunity of sentencing court to observe the defendant, including any presentence investigation; findings upon which the sentence was based; and sentencing guidelines – and whether the trial court properly considered the sentencing factors outlined in 42 Pa.C.S. § 9721(b) – protection of the public, gravity of the offense with respect to victim and community, and rehabilitative needs of the defendant. ***See Walls***, 926 A.2d at 964; ***Commonwealth v. Velez***, 273 A.3d 6, 12 (Pa. Super. 2022). "[T]he weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain." ***Commonwealth v. Baker***, 311 A.3d 12, 19 (Pa. Super. 2024).

Appellant's arguments fail to warrant relief as he has not demonstrated that his sentence was clearly unreasonable as required by Section 9781(c)(2). In conducting our own review, we find no basis to conclude that the standard-range sentence imposed was clearly unreasonable.

The sentencing court provided a rational basis for imposing a standard-range sentence. It specifically noted that it agreed with the Sentencing

Commission and the General Assembly in finding that Appellant's crime was serious. *See* N.T. Sentencing, 12/18/23, 11; N.T. Motion, 1/31/24, 5-6. It explained that the only mitigating factor it found was Appellant's decision to enter a guilty plea. N.T. Sentencing, 12/18/23, 10. Counter-balancing that mitigating factor, however, the court also found that Appellant's claim that his failure to register was just a "lapse" demonstrated a "laid back attitude about registering." *Id.*, 10-11. This determination was not merely based on Appellant's use of the word "lapse," but on his own description of his efforts, or lack thereof, to register in a timely manner. Appellant described his one attempt to call the person he "always registered with," only to find that "the man didn't work there anymore. The number wasn't even legit anymore." *Id.*, 7-8. He then did nothing else to comply with his legal obligation to register and was arrested two weeks later. *See id.*, 8. The court explained to Appellant why this explanation not only undermined his request for a probationary term but any possibility of a mitigated term of incarceration:

> [W]hat I'm hearing from you, sir, is that you're minimizing your duty. You don't appreciate the fact that being convicted of rape, involuntary deviate sexual intercourse[,] and kidnapping are very serious to the point where you have to register. You want to minimize it by calling your failure to do so a "lapse," that you called somebody whose phone doesn't work and that seemed to have caused you to not register for weeks and get arrested instead.

*Id.*, 8-9. When imposing the standard-range term of incarceration, the court explained that Appellant, "needs to understand the seriousness of his [registration] requirement particularly in relation to his conduct that got him

here in the first place." *Id.*, 11. We therefore conclude that the sentencing court provided on the record a reasoned and rational basis for imposing a standard-range term of incarceration.

We note further that the premise of Appellant's claim is that the sentencing court "focused on the gravity of the offense to the exclusion of all other factors." Appellant's Brief, 20. As the quotations above demonstrate, this assertion is incorrect. The sentencing court plainly considered the offense to which Appellant pleaded guilty to be a serious one, but it weighed the mitigating effect of his guilty plea against his dismissive attitude towards his legal obligation to register. This consideration touches upon the Section 9781(d)(1) factors of the nature and circumstances of Appellant's offense and the characteristics of Appellant, as well as the court's clear opportunity to observe him and his laid-back attitude towards his legal obligation to register. It also is relevant to Appellant's rehabilitative needs, a relevant factor under Section 9721(b). Broadly speaking, Appellant presented a claim that his offense was not serious and the result of a mistake more than a need for rehabilitation. Nevertheless, the sentencing court found to the contrary and that his laid-back attitude towards registering warranted a standard-range term.

Finally, Appellant argues that this case is controlled by *Coulverson*. We are not persuaded. The sentencing court in *Coulverson* provided "scant consideration of anything other than victim impact and the court's impulse for retribution on the victims' behalf." *Coulverson*, 34 A.3d at 148. In contrast,

here, the sentencing court considered the seriousness of the offense, the circumstances underlying the offense, and Appellant's character as it reflected his rehabilitative needs. We therefore conclude that the sentencing court did not abuse its discretion. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/27/2025