J-S21036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
           :          PENNSYLVANIA
           :
       v.           :
           :
           :
SHAWN BROWN         :
           :
     Appellant    :   No. 3082 EDA 2024

Appeal from the Judgment of Sentence Entered September 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008581-2023

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 10, 2025**

Appellant, Shawn Brown, appeals from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County after he entered a guilty plea to third-degree murder, possession of a firearm by a prohibited person, and possessing an instrument of crime.[1] He challenges the discretionary aspects of his sentence, claiming both that his aggregate twenty-five-to-fifty-year imprisonment term is excessive and further that the sentencing court failed to properly weigh mitigating factors. We affirm.

At 12:21 a.m. on September 18, 2023, police responded to a report of a person with a gun in the 2400 block of Aramingo Avenue in Philadelphia and found the victim, Luis Cordero, suffering from multiple gunshot wounds to his

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c), 6105(a)(1), and 907(a), respectively.

arm and back. *See* N.T. Guilty Plea Hearing, 7/11/24, 15. The victim was pronounced dead at 12:48 a.m. and later determined to have died as a result of his gunshot wounds. *Id.* at 15, 19. During the ensuing police investigation, multiple witnesses identified Appellant as the person who shot the victim. *Id.* at 15-16. The victim was the ex-boyfriend of Appellant's girlfriend and had been in "an abusive relationship" with her. *Id.* at 16. The girlfriend told the police that the victim "had been looking for her and threatening her." *Id.* Appellant told his girlfriend, *inter alia*, on the day of the shooting, "If I die tonight, I love you," before he kissed her on the head and left her. *Id.* at 16-17. The girlfriend thereafter called him numerous times after he left, and he did not answer the calls. *Id.* at 17. Appellant later met with the girlfriend and told her that he shot the victim, recalling that he fired four shots, though he was unsure how many of them hit the victim. *Id.* at 17-18. Following **Miranda**[2] warnings, Appellant gave a statement to the police, captured by both audio and video recordings, wherein he admitted that he shot the victim after the victim had destroyed an encampment tent in which Appellant and his girlfriend had been living. *Id.* at 16, 18. Appellant did not have a license to carry a firearm due to a prior conviction for possession of a controlled substance with intent to deliver. *Id.* at 19.

On July 11, 2024, Appellant entered the guilty plea to the above-referenced offenses. *See* N.T. Guilty Plea Hearing, 7/11/24, 19-20. The

_____

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

parties did not reach any agreement as to a joint sentencing recommendation; however, the Commonwealth agreed, in exchange for the plea, to recommend that the sentence in the instant case be served concurrent with other sentences that were to be imposed in separate matters at CP-51-CR-0008243-2023 and MC-51-CR-0006178-2024.[3]  **See** Guilty Plea Colloquy, 7/11/24, 3 ("Plea Bargain or Agreement"); N.T. Guilty Plea Hearing, 7/11/24, 13.  The Commonwealth also agreed to *nolle prosse* additional pending charges in exchange for the plea.[4]  **See** Trial Disposition and Dismissal Form, 7/11/24, 1-2.  The plea court deferred sentencing for the preparation of a pre-sentence investigation report and a mental health evaluation report.  **See** Request for Post-Plea Hearing Reports, 7/11/24, 1; N.T. Guilty Plea Hearing, 7/11/24, 28.

On September 12, 2024, the plea court imposed an aggregate imprisonment term of twenty-five to fifty years, including twenty to forty years for third-degree murder and a consecutive five-to-ten-year term for possession of a firearm by a prohibited person.  **See** Order (sentencing), 9/12/24, 1; N.T. Sentencing Hearing, 9/12/24, 64-65.  The murder sentence

_____

[3] On the same day, Appellant pleaded guilty for unrelated charges to criminal trespass and criminal conspiracy at CP-51-CR-0008243-2023 and possessing an instrument of crime and possessing a weapon or implement of escape at MC-51-CR-0006178-2024 in exchange for recommended terms of six to twelve months' imprisonment in each of those cases.  **See** N.T. Guilty Plea Hearing, 7/11/24, 5-9, 13.

[4] The *nolle prossed* charges included carrying a firearm without a license, carrying a firearm on public streets or public property in Philadelphia, and recklessly endangering another person.  **See** Trial Disposition and Dismissal Form, 7/11/24, 1-2; 18 Pa.C.S. §§ 6105(a)(1), 6108, 2705, respectively.

was both a maximum imprisonment term and at top of the standard range recommended by Pennsylvania's Sentencing Guidelines.[5]  **See** N.T. Sentencing Hearing, 9/12/24, 6.  The firearms possession sentence was at the bottom of the mitigated range recommended by the Sentencing Guidelines.[6] **Id.**  No further penalty was imposed for possessing an instrument of crime. **See** Order (sentencing), 9/12/24, 1.  The sentencing court designated Appellant's sentences at CP-51-CR-0008243-2023 and MC-51-CR-0006178-2024 to be served concurrent with the sentence in this case, consistent with his plea agreement.  **See** N.T. Sentencing Hearing, 9/12/24, 62, 65.

_____

[5] Appellant had a prior record score of five for purposes of calculating the applicable minimum imprisonment recommendations of the Sentencing Guidelines.  **See** N.T. Guilty Plea Hearing, 7/11/24, 14; N.T. Sentencing Hearing, 9/12/24, 6.  The offense gravity score for third-degree murder was fourteen.  **See** 204 Pa. Code § 303.15 (offense list; 7th ed., amend. 6); N.T. Sentencing Hearing, 9/12/24, 6.  Properly applying the Guidelines' "deadly weapon used" matrix since Appellant fatally shot his victim, the recommended standard range for third-degree murder is 210 months to 240 months (*i.e.*, half the statutory maximum of forty years).  **See** 18 Pa.C.S. § 1102(d) (setting a forty-year maximum for imprisonment for third-degree murder); 204 Pa. Code § 303.17(b) (deadly weapon enhancement/used matrix; 7th ed., amend. 6).

[6] The offense gravity score for possession of a firearm by a prohibited person as a felony of the first degree, where the possessed firearm was loaded, is eleven.  **See** 204 Pa. Code § 303.15; N.T. Sentencing Hearing, 9/12/24, 6. Properly applying the Guidelines' basic sentencing matrix, the Sentencing Guidelines recommended a minimum imprisonment term for that offense of seventy-two to ninety months' imprisonment, plus or minus twelve months for aggravating or mitigating circumstances.  **See** 204 Pa. Code § 303.16(a) (basic sentencing matrix; 7th ed., amend. 6); N.T. Sentencing Hearing, 9/12/24, 6.

Appellant timely filed a post-sentence motion for reconsideration of sentence.[7] **See** Post-Sentence Motion, 9/23/24, 1-2. Following the denial of that motion, he timely filed a notice of appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). **See** Order (post-sentence motion denial), 10/21/24, 1; Notice of Appeal, 11/14/24, 1; Order (Rule 1925), 11/14/24, 1; Rule 1925(b) Statement, 11/23/24, 1.

Appellant presents the following question for our review:

> Did the lower court abuse its discretion by sentencing appellant to a manifestly excessive sentence of [twenty-five] to [fifty] years, where this sentence far surpassed what was required to protect the public, and failed to adequately take into account Appellant's rehabilitative needs, mitigating evidence, and the circumstances of the offense?

Appellant's Brief, 5 (suggested answer and trial court answer omitted).

Appellant claims that the plea court abused its discretion by imposing a "manifestly excessive" aggregate sentence that was "disproportionate[ and] unreasonable." Appellant's Brief, 7-8. He argues that the court based the sentence "solely on on the gravity of the offense factors," and failed to

---

[7] Because the ten-day deadline for filing a timely post-sentence motion, pursuant to Pa.R.Crim.P. 720(a), would have been Sunday, September 22, 2024, the post-sentence motion was timely filed on the next day. **See** Pa.R.Crim.P. 101(c) (incorporating by reference the rules of construction in the Pennsylvania Rules of Judicial Administration including Pa.R.J.A. 107(a)-(b), relating to computation of time for the rule of construction relating to the exclusion of the first day and inclusion of the last day of a time period and the omission of the last day of a time period which falls on Saturday, Sunday, or a legal holiday).

"adequately consider [his] rehabilitative factors, mitigating evidence, and the circumstances of the offense." *Id.* at 8.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Lawrence*, 313 A.3d 265, 284 (Pa. Super. 2024) (citation omitted). Before we may address the substantive merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Thompson*, 333 A.3d 461, 467 (Pa. Super. 2025) (citation omitted). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation and internal quotation marks omitted).

As noted above, Appellant filed a timely notice of appeal to invoke our jurisdiction. As for issue preservation, Appellant presented no challenge to his discretionary aspects of his sentence at his sentencing hearing after the imposition of the term. *See* N.T. Sentencing Hearing, 9/12/24, 64-66. In his

post-sentence motion, Appellant averred as follows in support of his request for relief:

3. [Appellant] requests his sentence on count one [(third-degree murder)] be lowered into the mitigated range for the various reasons set forth at his sentencing hearing, in his pre-sentence investigation report, and his mental health evaluation.

4. [Appellant]'s admissions of guilt to the police, acceptance of responsibility for his wrongs, substantial past trauma[,] and resultant substance abuse issues, combined with the facts of the crime at issue call for a substantially mitigated sentence and not the statutory maximum that he received on count one.

Post-Sentence Motion, 9/23/24, ¶¶ 3-4. Appellant's post-sentence motion claim only addressed the sentence for the third-degree murder charge at count one whereas his appellate claim is focused on the aggregate sentencing scheme as a whole. At most, the claims in the post-sentence motion only preserved an argument that mitigating factors compelled a lower term of imprisonment for the third-degree murder conviction, specifically in the mitigated guideline range. The post-sentence motion did not preserve Appellant's present claim that the aggregate imprisonment term was "manifestly excessive[, …] disproportionate[, and] unreasonable." Appellant's Brief, 7-8.

Based on the record before us, we find that Appellant only preserved a subset of his appellate challenge to the discretionary aspects of his sentence. *See Commonwealth v. Tejada*, 107 A.3d 788, 798-99 (Pa. Super. 2015)

(trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion); Pa.R.Crim.P. 720(B)(1)(a) (regarding post-sentence motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity"); *see, e.g.*, *Commonwealth v. Mann*, 820 A.2d 788, 793-94 (Pa. Super. 2003) (concluding that Mann waived his discretionary aspects of sentencing claim regarding the sentencing court's failure to state the reasons for his sentence on the record where Mann's post-sentence motion only argued that his sentence was unduly severe and that the trial court abused its discretion under the Sentencing Code). Accordingly, we conclude that Appellant waived the portions of his appellate claim beyond the general assertion in his post-sentence motion that the sentencing court should have imposed a mitigated range sentence for third-degree murder based on his attendant mitigating factors. *See Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) (challenges to the discretionary aspects of a trial court's sentence are waived unless raised at the time of sentencing or in a post-sentence motion); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Our review next proceeds to determining whether Appellant satisfied the requirements for review under Rule 2119(f). Appellant presents a separate section of his brief, before his argument section, addressing whether he has presented a substantial question as required by Rule 2119(f). *See* Appellant's

Brief 6-7.  That section, however, addresses only whether his appellate claim, which combines an excessive sentence claim with a claim alleging a failure to properly consider mitigating factors, presents a substantial question.  The claim from the post-sentence motion, however, did not explicitly preserve an excessive sentence claim and instead only alleged a failure to properly consider mitigating factors.  That claim, the only preserved claim for appeal, does not present a substantial question permitting our review.  ***See Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa. Super. 2021) ("this Court repeatedly has held that 'a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review'"), ***citing Commonwealth v. Eline***, 940 A.2d 421, 435 (Pa. Super. 2007); ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) ("[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate"), ***citing Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995).

After a review of the record, we conclude that the only portion of the claim preserved for appeal regarding the discretionary aspects of his sentence

fails to raise a substantial question.[8]  For this reason, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/10/2025

---

[8] Even if Appellant had raised a substantial question for this Court's consideration, we would find that the preserved claim about the failure to adequately consider or weigh mitigating factors did not demonstrate an abuse of discretion.  Here, the sentencing court ordered a pre-sentence investigation report prior to sentencing, thoroughly reviewed the content of that report on the record, and specifically addressed the mitigating factors included in the report.  **See** N.T. Sentencing Hearing, 9/12/24, 7-13.  Where the trial court has the benefit of a pre-sentence investigation report, "we shall … presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.  A pre-sentence report constitutes the record and speaks for itself." **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa. Super. 2014), **quoting Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988).